**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| GWENDOLYN G. CARANCHINI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 4:17-CV-00775-GAF** |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARTIN LEIGH PC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MARTIN LEIGH PC'S MEMORANDUM**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Martin Leigh PC ("Martin Leigh") pursuant to Rule 56 and, for its Memorandum in Support of Motion for Summary Judgment as to Count I (Negligent Misrepresentation against Martin Leigh) and Count III (MMPA claim against Martin Leigh), states:

## TABLE OF AUTHORITIES

Caranchini v. Bank of America, N.A., 4:10-CV-00672-DGK……………………………………5

Caranchini v. Kozeny & McCubbin, LLC, 4:11-CV-0464-DGK………………………………...5

Caranchini v. Bank of America Nat. Ass'n, 566 Fed.Appx. 549 (8th Cir. 2014)……………......5

Caranchini v. Nationstar Mortgage, LLC, Kozeny & McCubbin, 4:14-CV-00480………………5

Dedrick v. Federal National Mortgage Association, 2013 WL 12146528………………….......6

In re Caranchini, 956 S.W.2d 910, 918–20 (Mo. 1997)……………………………………………15

Caranchini v. Missouri Board of Law Examiners, 447 S.W.3d 768 (Mo.App. W.D. 2014)………………………………………………………………………………………..…15

Case 4:17-cv-00775-DGK   Document 18   Filed 11/21/17   Page 1 of 44

State ex rel. MWE Servs., Inc. v. Sircal-Kozeny-Wagner, JV, 07-4217…………………………...16

Missouri ex rel. MWE Servs., Inc. v. Sircal-Kozeny-Wagner, 363 F. App'x 422 (8th Cir. 2010)16

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)……………………………………………16

Wierman v. Casey's Gen. Stores, 638 F.3d 984 (8th Cir.2011)…………………………………16

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)………………………16

Tyler v. Harper, 744 F.2d 653 (8th Cir.1984)……………………………………………………16

Spires v. Edgar, 513 S.W.2d 372 (Mo. 1974)……………………………………………………19

Wivell v. Wells Fargo Bank, N.A., 773 F.3d 887 (8th Cir. (Mo.) 2014)…………………...……19

Mt. Hawley Ins. Co. v. Azia Contractors, Inc., 886 S.W.2d 640 (Mo.App. W.D. 1994)………..20

St. Louis University v. Hesselberg Drug Co., 35 S.W.3d 451 (Mo.App. E.D. 2000)…………...20

Hillary v. Trans World Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir. 1997)……………………20

Deutsche Bank National Trust Company v. Vaughn, ___ S.W.3d ____ (Mo.App.W.D. 2017),
2017 WL 3026920………………………………………………………………………….....28

US Bank, N.A. v. Smith, 470 S.W.3d 17 (Mo.App. W.D. 2015)…………………………………28

Reinerio v. Bank of New York Mellon, 2015 WL 9581854 (W.D.Mo. 2015)………………..…29

In re Washington, 468 B.R. 846 (Bkrtcy.W.D.Mo. 2011)………………………………………29

Barnes v. Federal Home Loan Mort. Corp., 2013WL1314200 (W.D.Mo. 2013)………………29

Conway v. CitiMortgage, Inc., 438 S.W.3d 410 (Mo.2014)……………………………………37

Watson v. Wells Fargo Home Mortg., Inc., 438 S.W.3d 404 (Mo.2014)………………………37

Geran v. Xerox Education Services, Inc., 469 S.W.3d 459 (Mo.App. W.D. 2015)……………..38

Cregan v. Mortgage One Corporation, 2016 WL 3072395, at *4 (E.D.Mo. 2016). ……………40

Lester E. Cox Medical Centers, Springfield, MO v. Huntsman,

2003 WL 22004998 (W.D.Mo.2003)……………………………………………………………41

Freeman Health Sys. v. Wass, 124 S.W.3d 504, 508 (Mo. Ct. App. 2004)……………………40

Case 4:17-cv-00775-DGK   Document 18   Filed 11/21/17   Page 2 of 44

Lester E. Cox Med. Ctr., Springfield, Mo. v. Huntsman, 408 F.3d 989 (8th Cir. 2005)……….40

Volk Const. Co. v. Wilmescherr Drusch Roofing Co., 58 S.W.3d 897 (Mo.App. E.D. 2001)….43

Fed.R.Civ.P. 56……………………………………………………………………………………1

R.S.Mo. 400.3-301……………………………………………………………………………...7

R.S.Mo. 407.020……………………………………………………………………………37

R.S.Mo. 407.025……………………………………………………………………………43

**TABLE OF CONTENTS**

I.   INTRODUCTION………………………………………………………………...4

II.  STATEMENT OF UNCONTROVERTED FACTS……………………………...8

III. ARGUMENT………………………………………………………………………16

    A.  COUNT I (Negligent Misrepresentation) Against Martin Leigh Fails to State a Claim……………………………………………………………..16

        1.  The Federal Court Has Already Decided and Rejected Plaintiff's Claims Regarding the Successor Trustee's Duties………………17

        2.  Collateral Estoppel Precludes Plaintiff From Relitigating Issues that She Lost in Federal Court Regarding a Successor Trustee's Duties Under the Deed of Trust…………………………………19

        3.  Collateral Estoppel Precludes Plaintiff From Relitigating Issues that She Lost in Federal Court Regarding the Prior Servicer of the Note and its Alleged Misconduct………………………………...22

        4.  The Federal Decisions Against Plaintiff Caranchini Are Well Known – Even to Plaintiff's Counsel (Gregory Leyh) – and Make Clear that a Successor Trustee's Duties to a Borrower Are Narrowly Defined by the Deed of Trust and Plaintiff's Argument Otherwise is Made in Bad Faith…………………………….…25

        5.  Defendants Have Physical Possession of the Note and that Fact is Dispositive Under R.S.Mo. 400.3-301…………………………...27

        6.  Plaintiff's Argument that Martin Leigh Was Improperly Appointed as the Successor Trustee Fails to State a Claim…………………29

7.      The Federal Court Ruled that Plaintiff Executed the Note at Issue in this Case and She Cannot Re-Litigate that Issue Here………..32

8.      Plaintiff Does Not Have Standing to Challenge the Validity of a Mortgage Securitization Agreement or Pooling and Servicing Agreement and Any Alleged Breaches of those Agreements By Plaintiff Fails to State a Claim……………….……………......33

9.      Plaintiff Falsely Alleges that the Original Note Was Not Transferred to Merrill Lynch Mortgage Investors Trust, Series 2006-HE5………………………………………………………...35

B.      COUNT III (Alleged MMPA Violation) Against Martin Leigh Fails to State a Claim……………………………………………………………37

1.      Martin Leigh's Alleged Deceptive Acts Were Not in Connection with the Sale or Advertisement of Plaintiff's Loan and the MMPA Does Not Apply as a Matter of Law……………………………..36

2.      Plaintiff Has No Colorable MMPA Claim………………………38

3.      Nationstar's Physical Possession of Plaintiff's Original Note Gave it the Legal Right to Enforce the Note and the Exercise of a Legal Right Cannot be the Basis for an MMPA Claim Which Requires "Unlawful" Conduct in Order to State a Claim…………………39

4.      Plaintiff's MMPA Claim Fails Because Plaintiff Has Not Alleged an Ascertainable Loss—i.e. Plaintiff Has Not Paid More Than Owed on Her Loan………………………………………………40

IV.     CONCLUSION……………………………………………………………..42

## I.      INTRODUCTION.

The last payment Plaintiff Caranchini ("Plaintiff") made on her home loan was for a payment due in November 2009. When action is taken to enforce Plaintiff's obligations under her home loan -- she sues. This is Plaintiff's fourth lawsuit regarding the same thing and the second time she has sued Nationstar Mortgage LLC ("Nationstar").

Plaintiff's most recent lawsuit challenges Nationstar's standing (as Plaintiff's loan servicer) to foreclose a deed of trust ("Deed of Trust") against Plaintiff's residence at 1203 W.

4

62nd St., Kansas City, Missouri ("Property"). That Deed of Trust secures a promissory note ("Note") for a $300,000 loan that Plaintiff obtained. Plaintiff asserts claims for negligent misrepresentation and violations of the Missouri Merchandising Practices Act regarding Nationstar's initiation of a foreclosure and Martin Leigh's actions as the Successor Trustee under the Deed of Trust. Plaintiff alleges that Nationstar has "no right or interest in the Promissory Note", "never had the right to enforce the Note" and therefore Nationstar's and Martin Leigh's actions to foreclose the Deed of Trust were wrongful. First Amended Petition at ¶¶ 14, 15 and 16. Regarding Martin Leigh, Plaintiff alleges that it had a duty as the Successor Trustee to determine who is the actual holder of the Note. Id. at ¶¶ 56, 57, 58, 59, and 60.

The issues Plaintiff raises in this case are not new. Plaintiff previously litigated, lost or abandoned them in her prior lawsuits regarding the same Note and same Deed of Trust. Those cases are:

- **Caranchini v. Bank of America, N.A.**, 4:10-CV-00672-DGK (removed to federal court after being originally filed in the Circuit Court of Jackson County as Case No. 1016-CV20018) (Caranchini *lost*).
- **Caranchini v. Kozeny & McCubbin, LLC**, 4:11-CV-0464-DGK (removed to federal court after being originally filed in the Circuit Court of Jackson County as Case No. 1016-CV28122) (Caranchini *lost*).
- **Caranchini v. Bank of America Nat. Ass'n**, 566 Fed.Appx. 549 (8th Cir. 2014) (the Caranchini v. Bank of America case and the Caranchini v. Kozeny & McCubbin cases were consolidated in this appeal to the 8th Circuit). (Caranchini *lost*).
- **Caranchini v. Nationstar Mortgage, LLC, Kozeny & McCubbin**, 4:14-CV-00480 (removed to federal court after being originally filed in the Circuit Court of Jackson County as Case No. 1416-CV12090). (Caranchini *abandoned*).

In light of the prior decisions against her, Plaintiff's *Verified* First Amended Petition makes stunningly false allegations. For example, Plaintiff alleges that "*Plaintiff does not owe any money pursuant to the terms of the Note*"; and "*Plaintiff is not in default*". First Amended Petition at ¶¶ 8 and 9. That issue was settled against Plaintiff by the U.S. District Court in

<u>Caranchini v. Bank of America, N.A.</u>, 2013 WL 6987190, at *3 where the court ruled that "Plaintiff has defaulted and failed to fulfill her obligations under the Note and Deed of Trust by failing to pay the required amounts of monthly principal and interest under the Note when due from November 1, 2009 to the present. Plaintiff currently owes $293,165.15. . ."

Similarly, Plaintiff's *Verified* First Amended Petition alleges that Martin Leigh, as the Successor Trustee under the Deed of Trust, had a duty to determine who is the holder of Plaintiff's Note. First Amended Petition at ¶¶ 77,78, and 79. That issue was also settled against Plaintiff by the U.S. District Court in <u>Caranchini v. Bank of America, N.A.</u>, 2013 WL 6987190 where the Court ruled that "Paragraph 22 of the deed of trust defines the trustee's duties, which are limited to giving notice of a foreclosure sale, selling the property at a public auction to the highest bidder, conveying the property by trustees' deed, and applying the proceeds of the sale. At the time the second amended petition was filed no foreclosure sale had occurred or was pending against the property, thus Kozeny [the prior Successor Trustee] could not possibly have breached any duty owed to the Plaintiff under the deed of trust. Consequently, there is no reasonable basis in fact or law for Count III against Kozeny [the prior Successor Trustee under the Deed of Trust]. . ." <u>Id</u>. at 4.

Cleary, Plaintiff falsely verified the allegations in her First Amended Petition. It is also clear that Plaintiff's counsel participated in that false verification, and violated his duty of candor, when he failed to disclose these prior decisions against Plaintiff. The <u>Caranchini v. Bank of America, N.A.</u>, 4:10-CV-00672-DGK and <u>Caranchini v. Kozeny & McCubbin, LLC</u>, 4:11-CV-0464-DGK decisions were both cited by the late Judge Wright to Plaintiff's counsel in <u>Dedrick v. Federal National Mortgage Association</u>, 2013 WL 12146528, at *3 (W.D.Mo. 2013)

6

when the court dismissed claims against the successor trustee in that case because the borrower had "no colorable claim" against the successor trustee.  Id.

Another disheartening aspect of this lawsuit is that Nationstar has actual physical possession of the Note and Martin Leigh made that Note available for Plaintiff's and her counsel's inspection before they filed this lawsuit—there is no mention of that in the *verified* petition either.  That omission is significant in the context of enforcing a promissory note because under R.S.Mo. 400.3-301 a party who is in physical possession of an instrument, endorsed in blank, has the absolute right to enforce it—even if that party is in wrongful possession of the instrument.  The Note was previously adjudged to be endorsed in blank in Caranchini v. Bank of America, N.A., 2013 WL 5407206, at *3 (W.D.Mo.2013)).  For that reason alone, Plaintiff's lawsuit against Martin Leigh is baseless.

Martin Leigh is entitled to summary judgment on Count I (Negligent Misrepresentation) and Count III (MMPA) because:

- Collateral estoppel prevents Plaintiff from relitigating her challenges to the enforcement of the Note and Deed of Trust and she is bound by the decisions against her in ***Caranchini v. Kozeny & McCubbin, LLC***, No. 4:11-CV-0464-DGK, 2011 WL 5921364 (W.D. Mo. Nov. 28, 2011); ***Caranchini v. Bank of America, N.A.***, No. 10-CV-672, 11-464, 2012 WL 1833396 (W.D. Mo. May 18, 2012).

- Nationstar has physical possession of the original Note and therefore its appointment of Martin Leigh as Successor Trustee, and the actions taken by Martin Leigh to foreclose, were legally authorized by R.S.Mo. 400.3-301.

- Martin Leigh's duties as Successor Trustee are specifically defined and limited by the Deed of Trust, ¶ 22; Martin Leigh did not breach any of those duties; and Plaintiff does not allege that Martin Leigh breached any of the duties set forth in ¶ 22 of the Deed of Trust.

- The MMPA does not apply to Successor Trustees under a Deed of Trust as a matter of law.

7

- The MMPA Claim Fails Because Plaintiff Has Not Alleged an Ascertainable Loss—i.e. Plaintiff Has Not Paid More than Owed on Her Loan.

## II.  STATEMENT OF UNCONTROVERTED FACTS.

### A.  *Facts Established When Plaintiff Sued Bank of America in the Case Styled Caranchini V. Bank of America, N.A., 4:10-CV-00672 (Combined With 4:11-CV-0464) Regarding the Same Note and the Same Deed of Trust.*

1.  "On June 10, 2006, Plaintiff borrowed $300,000 from Aegis Lending Corporation ("Aegis") and executed an adjustable rate note (the "Note") payable to Aegis in the original principal sum of $300,000, payable with interest."  See Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *2 (W.D.Mo. 2013) (a true a correct copy is attached hereto as ***Exhibit A*** and a true an correct copy of the First Amended Petition filed in that case is attached as ***Exhibit B***); Exhibit 2 to Plaintiff's First Amended Petition (Affidavit of Michael C. Balog), ¶ 2; and see Exhibit 5 to Plaintiff's First Amended Petition which contains a true and correct copy of the Note.

2.  "By executing the Note, Plaintiff promised to pay $300,000.00 with interest at a yearly rate of 9.025% (subject to a potential change in interest rate on July 1, 2008) until the Note matured on July 1, 2036."  See Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *2 (W.D.Mo. 2013); Exhibit 2 to Plaintiff's First Amended Petition (Affidavit of Michael C. Balog), ¶ 2; and see Exhibit 5 to Plaintiff's First Amended Petition which contains a true and correct copy of the Note.

3.  "To secure payment of the Note, on June 10, 2006, Plaintiff executed and delivered the Deed of Trust to Aegis, which granted a security interest in the real property commonly known as 1203 West 62nd Street, Kansas City, Missouri 64113 ("the Property").  See Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *2 (W.D.Mo. 2013); see Exhibit 1 to Plaintiff's First Amended Petition (Deed of Trust); Exhibit 2 to Plaintiff's First Amended

8

Petition (Affidavit of Michael C. Balog) ¶ 2; and see Exhibit 5 to Plaintiff's First Amended Petition which contains a true and correct copy of the Deed of Trust.

4. "The Deed of Trust was recorded with the Jackson County, Missouri Recorder of Deeds on October 3, 2006." See Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *2 (W.D.Mo. 2013); see Exhibit 1 (Deed of Trust) to Plaintiff's First Amended Petition; and also see Exhibit 5 to Plaintiff's First Amended Petition which contains a true and correct copy of the Deed of Trust.

5. "Aegis transferred the Note and assigned the Deed of Trust." See Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *3 (W.D.Mo. 2013) and also Exhibit 2 to Plaintiff's First Amended Petition (Affidavit of Michael C. Balog) ¶ 4.

6. "Aegis endorsed the Note to Aegis Mortgage Corporation without recourse." See Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *3 (W.D.Mo. 2013); and see Exhibit 5 to Plaintiff's First Amended Petition which contains a true and correct copy of the Note that is endorsed in blank.

7. "Aegis Mortgage Corporation endorsed the Note in blank without recourse." See Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *3 (W.D.Mo. 2013); and see Exhibit 5 to Plaintiff's First Amended Petition which contains a true and correct copy of the Note which is endorsed in blank.

8. "Plaintiff's loan was one of hundreds of loans included in the MLMI 2006 HE–5 pool of assets ("Pooled Trust")." See Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *3 (W.D.Mo. 2013).

9. "On or about November 2, 2007, Citibank, N.A., as Trustee for the MLMI Trust Series 2006–HE5, by and through Wilshire Credit Corporation, its attorney-in-fact, removed

Todd Hamby as the Trustee under the Deed of Trust and appointed Kozeny & McCubbin, L.C. as Successor Trustee of the Deed of Trust." Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *3 (W.D.Mo. 2013); and see Exhibit 3 to Plaintiff's First Amended Petition (Appointment of Successor Trustee [Kozeny]).

10.     "The Appointment of Successor Trustee [regarding Kozeny] was filed with the Jackson County, Missouri Recorder of Deeds on November 5, 2007." Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *3 (W.D.Mo. 2013) and see Exhibit 3 to Plaintiff's First Amended Petition (Appointment of Successor Trustee [Kozeny]).

11.     "On or about April 10, 2012, Mortgage Electronic Registration Systems, Inc. transferred to Citibank, N.A., as Trustee for the Certificate holders of the MLMI Trust, Mortgage Loan Asset Backed Certificates, Series 2006–HE5 all its beneficial interest under the Deed of Trust and the Note secured thereby (the "Assignment")." See Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *3 (W.D.Mo. 2013).

12.     Bank of America, N.A., [servicer of Plaintiff's loan as of 2013], held a limited power of attorney for Citibank, N.A., as Trustee for the Certificate holders of the MLMI Trust, Mortgage Loan Asset–Backed Certificates, Series 2006 HI–5, and in that capacity obtained possession of the original Note . . . [and had] possession of the original recorded Deed of Trust. See Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *3 (W.D.Mo. 2013).

13.     "The record here establishes that Plaintiff signed the Note; that repayment of the Note is secured by the Deed of Trust; and that the Deed of Trust authorizes the Trustee to conduct a foreclosure sale under conditions that have been met here, namely, Plaintiff's failure to make the required payments." See Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *4 (W.D.Mo. 2013).

Case 4:17-cv-00775-DGK   Document 18   Filed 11/21/17   Page 10 of 44

14.     "[As of 2013] Plaintiff has defaulted and failed to fulfill her obligations under the Note and Deed of Trust by failing to pay the required amounts of monthly principal and interest under the Note when due from November 1, 2009 to the present. Plaintiff currently owes $293,165.15 in unpaid principal, plus unpaid interest, escrow, fees and costs which have continued to accrue since the default."   <u>Caranchini v. Bank of America, N.A.</u>, 2013 WL 6987190, at *3 (W.D.Mo. 2013).

15.     "Plaintiff seeks to extinguish the BANA Defendants' interest by claiming her signature on the Note was forged.  Plaintiff, however, has offered no factual support for this claim . . ." See <u>Caranchini v. Bank of America, N.A.</u>, 2013 WL 6987190, at *4 (W.D.Mo. 2013).

16.     "In the present case, Plaintiff has not identified any duty BANA Defendants' owed her. While Plaintiff intimates that they owed her a duty "to keep a marketable title, to not collect more than is owed on the note, [and] to keep Plaintiff from [being] subjected to constant stress because they refuse to address issues regarding her note" (Doc. 401 at 48), she cites no legal authority recognizing such duties, and the Court cannot find any. ***Because Plaintiff cannot identify any duty the BANA Defendants owed her, much less violated, they are entitled to summary judgment on Plaintiff's negligence claim***."  See <u>Caranchini v. Bank of America, N.A.</u>, 2013 WL 6987190, at *5 (W.D.Mo. 2013) (emphasis added).

   **B.    Facts Established When Plaintiff Sued Kozeny & McCubbin in a Case Styled <u>Caranchini v. Kozeny & McCubbin, LLC</u>, 4:11-cv-0464 (Combined with 4:10-cv-00672) Regarding the Same Note and the Same Deed of Trust.**

17.     "Count III alleges that Hamby, the original trustee on the deed of trust, and Kozeny, the successor trustee, breached a fiduciary duty to Plaintiff when they "signed and/or filed and had recorded documents" on the property and when they allegedly failed to investigate

11

the various transfers of the promissory note and deed of trust to ascertain whether there were any breaks in the chain of title." See Caranchini v. Kozeny & McCubbin, LLC, 2011 WL 5921364, at *4 (W.D.Mo. 2011) (a true and correct copy is attached as ***Exhibit C*** and a true and correct copy of the First Amended Petition filed in that case is attached as ***Exhibit D***).

18. "Paragraph 22 of the deed of trust defines the trustee's duties, which are limited to giving notice of a foreclosure sale, selling the property at a public auction to the highest bidder, conveying the property by trustees' deed, and applying the proceeds of the sale." See Caranchini v. Kozeny & McCubbin, LLC, 2011 WL 5921364, at *4 (W.D.Mo. 2011); and see Exhibit 1 (Deed of Trust), ¶ 22, to Plaintiff's First Amended Petition.

19. "At the time the second amended petition was filed no foreclosure sale had occurred or was pending against the property, thus Kozeny could not possibly have breached any duty owed to the Plaintiff under the deed of trust. Consequently, there is no reasonable basis in fact or law for Count III against Kozeny. . ." Caranchini v. Kozeny & McCubbin, LLC, 2011 WL 5921364, at *4 (W.D.Mo. 2011).

20. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a nondiverse defendant solely to prevent removal" and Plaintiff fraudulently joined Kozeny in Caranchini v. Kozeny & McCubbin. See Caranchini v. Kozeny & McCubbin, LLC, 2011 WL 5921364, at *4 (W.D.Mo. 2011).

21. Plaintiff's claims against Kozeny were adjudged to be "frivolous" and/or "illegitimate." See Caranchini v. Kozeny & McCubbin, LLC, 2011 WL 5921364, at *4 (W.D.Mo. 2011).

C. ***Martin Leigh's Appointment as Successor Trustee.***

22.     Pursuant to a document entitled Appointment of Successor Trustee, Martin Leigh was appointed as the Successor Trustee under the Deed of Trust on June 28, 2016. See Plaintiff's First Amended Petition, Exhibit 4 (Appointment of Substitute Trustee [Martin Leigh]).

23.     The Appointment of Successor Trustee document was recorded with the Jackson County, Missouri Recorder of Deed's Office on July 1, 2016. See Plaintiff's First Amended Petition, Exhibit 4 (Appointment of Substitute Trustee).

24.     The Appointment of Successor Trustee document was executed by Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE5, by Nationstar Mortgage LLC, as its attorney-in-fact. See Plaintiff's First Amended Petition, Exhibit 4 (Appointment of Substitute Trustee).

25.     When Martin Leigh was requested to act as the Successor Trustee, it confirmed that Nationstar Mortgage LLC has physical possession of the Note on June 7, 2016. See ***Exhibit E*** (Affidavit of Gregory D. Todd).

26.     Nationstar subsequently provided Martin Leigh with the original Note on July 26, 2016. See ***Exhibit E*** (Affidavit of Gregory D. Todd).

27.     Martin Leigh produced the original Note for an inspection by Plaintiff and Plaintiff's counsel and that inspection occurred on August 14, 2017. See ***Exhibit E*** (Affidavit of Gregory D. Todd).

28.     Martin Leigh is storing the original Note at its office located at 1044 Main Street, Suite 900, Kansas City, Missouri 64105. See ***Exhibit E*** (Affidavit of Gregory D. Todd).

**D.     *Plaintiff's Prior Lawsuit Against Nationstar Regarding the Same Note and the Same Deed Of Trust*.**

13

29.     In 2014 Plaintiff sued Nationstar Mortgage LLC regarding the same Note and the same Deed of Trust.  See Caranchini v. Nationstar Mortgage, LLC, Kozeny & McCubbin, 4:14-CV-00480 (removed to federal court after being originally filed in the Circuit Court of Jackson County as Case No. 1416-CV12090 and then abandoned by Caranchini).  True and correct copies of Caranchini's Petition (***Exhibit F***) and Motion to Dismiss (***Exhibit G***) from that case are attached hereto and incorporated herein by reference.

30.     Plaintiff abandoned the case in Caranchini v. Nationstar Mortgage, LLC, Kozeny & McCubbin, 4:14-CV-00480.  See ***Exhibit G***.

     ***E.***     ***Plaintiff's Counsel's Actual Knowledge of the Prior Decisions Against Plaintiff Regarding the Same Note and the Same Deed of Trust Prior to Filing this Suit.***

31.     Plaintiff's counsel in this case (Gregory Leyh) had actual knowledge of the decisions rendered against Plaintiff prior to filing this lawsuit.  See Dedrick v. Federal National Mortgage Association, 2013 WL 12146528, at *3 (W.D.Mo. 2013) (a true and correct copy is attached as ***Exhibit H***) citing Caranchini v. Kozeny & McCubbin, LLC, No. 4:11-CV-0464-DGK, 2011 WL 5921364 and Caranchini v. Bank of America, N.A., No. 10-CV-672, 11-464, 2012 WL 1833396, at *3 (W.D. Mo. May 18, 2012) as the basis for ruling that Plaintiff's counsel's client from Dedrick failed to make even a "colorable claim" against a trustee of a deed of trust that Plaintiff's counsel targeted in that case.

32.     Plaintiff's counsel (Gregory Leyh) also had actual knowledge of the prior litigation filed by Plaintiff against Kozeny & McCubbin because Plaintiff's counsel attached an exhibit from that case to Plaintiff's First Amended Petition as Exhibit 2.  See Plaintiff's First Amended Petition, Exhibit 2 (Affidavit of Michael C. Balog).

33.     Plaintiff's First Amended Petition Exhibit 2 also shows that Plaintiff's counsel (Gregory Leyh) had actual knowledge of prior litigation filed by Plaintiff against Bank of

America because that exhibits contains the following page footer: "Case 4:10-cv-00672-DGK Document 215-2 Filed 06/22/12 1 of 2" which is the <u>Caranchini v. Bank of America</u> federal case file number.  See ***<u>Exhibit A</u>***, p. 1.

> ### F.    *Plaintiff is a Disbarred Lawyer.*

34.    Plaintiff is a disbarred attorney. See <u>In re Caranchini</u>, 956 S.W.2d 910, 918–20 (Mo. 1997) (a true and correct copy is attached as ***<u>Exhibit I</u>***) ("Respondent's commission of numerous violations of the Missouri Rules requires determination of the appropriate sanction * * * disbarment is the most severe of these sanctions, it has typically been reserved for those instances where an attorney is clearly unfit to continue to practice law * * * Respondent intentionally submitted a false document, intentionally made false statements, and intentionally withheld material information * * * Respondent has shown a consistent willingness to forego this duty of candor * * * the integrity of the legal profession require the most severe sanction available.  * * * This Court orders Gwen G. Caranchini disbarred. Costs taxed to Respondent.")

32.    Plaintiff sought reinstatement of her license but she failed the bar examination after multiple attempts and her lawsuit against the Missouri Board of Law Examiners failed as well.  See  <u>Caranchini v. Missouri Board of Law Examiners</u>, 447 S.W.3d 768, 770 (Mo.App. W.D. 2014) (a true and correct copy is attached as ***<u>Exhibit J</u>***).

33.    Plaintiff has used her disbarment as a basis supporting her failed motion to disqualify Judge Kays in her prior lawsuits against Bank of America and Kozeny & McCubbin regarding the same Note and the Deed of Trust.  See <u>Caranchini v. Kozeny & McCubbin</u>, LLC, 2011 WL 5921317, at *2 (W.D.Mo. 2011) (a true and correct copy is attached as ***<u>Exhibit K</u>***) (In denying Plaintiff's relief, Judge Kay's ruled that "allegations in Plaintiff's affidavit can be summarized as follows: Plaintiff was wrongfully disbarred from the Missouri Bar and from the

Western District of Missouri Bar based upon a referral from the Honorable Dean Whipple, a senior judge in this district. Judge Whipple and the other judges who voted to disbar Plaintiff are "prejudiced" against her.").

## III.    ARGUMENT.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  State ex rel. MWE Servs., Inc. v. Sircal-Kozeny-Wagner, JV, 07-4217-CVCNKL, 2009 WL 482378 (W.D. Mo. Feb. 23, 2009) aff'd sub nom. Missouri ex rel. MWE Servs., Inc. v. Sircal-Kozeny-Wagner, 363 F. App'x 422 (8th Cir. 2010).   "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Wierman v. Casey's Gen. Stores, 638 F.3d 984, 993 (8th Cir.2011) (quotation omitted). In applying this standard, Courts view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588–89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir.1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the ... pleadings, but ... by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

As set forth below, Martin Leigh is entitled to summary judgment because Plaintiff's Negligent Misrepresentation Claim and MMPA Claim fail to state a claim on which relief can be granted.

**A.    COUNT I (Negligent Misrepresentation) Against Martin Leigh Fails to State a Claim.**

Plaintiff's core argument is that:

> ". . . ***the original Note was not transferred to Merrill Lynch Mortgage Investors Trust***, Series 2006-HE5 as required in order to allow Merrill Lynch Mortgage Investors Trust, Series 2006-HE5 to enforce the instrument in accordance with Section 400.3-301."

(First Amended Petition at ¶ 34, emphasis added).   Based on Plaintiff's claim that her Promissory "Note was not transferred to the Merrill Lynch Mortgage Investors Trust, Series 2006-HE5 as required," Plaintiff argues that Nationstar lacked authority to appoint Martin Leigh as Successor Trustee.   Additionally, Plaintiff asserts that Martin Leigh had a duty (which it allegedly breached) to investigate if Plaintiff's Promissory Note was in fact conveyed to the Merrill Lynch Mortgage Investors Trust.   In that context, Plaintiff alleges that Martin Leigh committed the tort of negligent misrepresentation when Martin Leigh prepared and recorded a document entitled Appointment of Successor Trustee.  Plaintiff's claims fail at every level.

**1.    The Federal Court Has Already Decided and Rejected Plaintiff's Claims Regarding the Successor Trustee's Duties.**

Plaintiff's First Amended Petition fails to disclose that Plaintiff previously litigated and lost her challenge regarding the duties of a Successor Trustee under the ***same*** Deed of Trust and under the ***same*** Promissory Note in her 2010 federal lawsuit that she filed against a prior Successor Trustee—the Kozeny & McCubbin law firm ("Kozeny").   In that case, styled Caranchini v. Kozeny & McCubbin, LLC, 4:11-CV-0464-DGK (later combined with 4:11-CV-

00672), Plaintiff sued Kozeny after Kozeny was appointed as the Successor Trustee under Plaintiff's Deed of Trust and took steps towards foreclosing the Deed of Trust.

In her Kozeny lawsuit, Plaintiff alleged that "Kozeny, the successor trustee, breached a fiduciary duty to Plaintiff when it '***signed*** and/or ***filed*** and had ***recorded documents***' on the property and when they allegedly ***failed to investigate the various transfers of the promissory note*** and deed of trust to ascertain whether there were any breaks in the chain of title." Caranchini v. Kozeny & McCubbin, LLC, 2011 WL 5921364 (W.D.Mo. 2011) at *4 (emphasis added).

Judge Kays for the Western District rejected Plaintiff's argument against Kozeny ruling that:

> Paragraph 22 of the deed of trust defines the trustee's duties, which are limited to giving notice of a foreclosure sale, selling the property at a public auction to the highest bidder, conveying the property by trustees' deed, and applying the proceeds of the sale. At the time the second amended petition was filed no foreclosure sale had occurred or was pending against the property, thus Kozeny could not possibly have breached any duty owed to the Plaintiff under the deed of trust. Consequently, there is no reasonable basis in fact or law for Count III against Kozeny. . .

Id. at *4. (W.D.Mo. 2011) affirmed in Caranchini v. Bank of America Nat. Ass'n, 566 Fed.Appx. 549 (8th Cir. 2014).   As ruled by Judge Kays, "the deed of trust defines the trustee's duties, which are limited to giving notice of a foreclosure sale, selling the property at public auction to the highest bidder, conveying the property by trustees' deed and applying the proceeds of the sale."   Because the Deed of Trust did not impose duties on Kozeny (as the prior Successor Trustee under the Deed of Trust) regarding signing, filing or recording documents about the Property or regarding investigating transfers of the Promissory Note, Plaintiff's claims against Kozeny failed.

Judge Kay's ruling in <u>Caranchini v. Kozeny & McCubbin, LLC</u>, 2011 WL 5921364 (W.D.Mo. 2011) is in accord with Missouri's black letter law regarding a trustee's limited duties under a deed of trust. The Missouri Supreme Court has ruled "The duties and powers of a trustee are fixed by the terms of the contract, namely, the deed of trust." <u>Spires v. Edgar</u>, 513 S.W.2d 372, 378 (Mo. 1974). Further, "in the absence of unusual circumstances known to the trustee, he may, upon receiving a request for foreclosure from the creditor, proceed upon that advice without making any affirmative investigation and without giving any special notice to the debtor. <u>Id</u>. at 379. See also <u>Wivell v. Wells Fargo Bank, N.A.</u>, 773 F.3d 887, 893 (8th Cir. (Mo.) 2014) ("However, this particular duty is not enumerated in the deed of trust, which fixes the duties owed by Kozeny as a trustee under Missouri law…The duties and powers of a trustee are fixed by the terms of the contract, namely, the deed of trust.").

In short, Martin Leigh (like Kozeny who was the prior Successor Trustee on the Deed of Trust) had no duty under the Deed of Trust to investigate the transfers of the Promissory Note because the Deed of Trust's ¶ 22 imposed no such duty. (Also, as briefed below, Nationstar holds Plaintiff's original Note and Nationstar provided it to Martin Leigh.) Accordingly, Plaintiff's negligent misrepresentation claim against Martin Leigh for allegedly failing to investigate the transfers of the Plaintiff's Note fails to state a claim.

### 2. Collateral Estoppel Precludes Plaintiff from Relitigating Issues that She Lost in Federal Court Regarding the Successor Trustee's Duties.

Not only does the court's decision in <u>Caranchini v. Kozeny & McCubbin, LLC</u>, 4:11-CV-0464-DGK and 2011 WL 5921364 correctly state the law regarding a Successor Trustee's limited duties under a Deed of Trust, but that decision collaterally estops Plaintiff from relitigating the duties of a Successor Trustee under the Deed of Trust. "Collateral estoppel precludes the same parties or their privies from relitigating issues which have been previously

litigated." Mt. Hawley Ins. Co. v. Azia Contractors, Inc., 886 S.W.2d 640, 643 (Mo.App. W.D. 1994). "The doctrine of collateral estoppel applies when once a court has determined an issue of fact or law *necessary to its judgment,* that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first cause. Id. at 644. "A ***non-party*** to an earlier adjudication may assert collateral estoppel, or issue preclusion, against a party to the prior suit to bar relitigation of an issue in a subsequent proceeding." St. Louis University v. Hesselberg Drug Co., 35 S.W.3d 451, 455 (Mo.App. E.D. 2000) (emphasis added). In determining if a claim is barred by collateral estoppel, courts consider: "(1) was the issue decided in the prior adjudication identical with the issue presented in the present action; (2) did the prior adjudication result in a judgment on the merits; (3) was the party against whom collateral estoppel is asserted a party or in privity with a party to the prior adjudication; and (4) did the party against whom collateral estoppel is asserted have a full and fair opportunity to litigate in the prior suit." Id. at 455 and Hillary v. Trans World Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir. 1997) ("'. . . cases from this circuit have consistently concluded that [the res judicata or] collateral estoppel [effect of a prior judgment] in a diversity action is a question of substantive law controlled by state common law.") Plaintiff is collaterally estopped from reasserting the same issues here that she asserted against Kozeny in Caranchini v. Kozeny & McCubbin, LLC, 2011 WL 5921364 (W.D.Mo. 2011) because:

**Same Issues**. In Plaintiff's prior lawsuit against Kozeny which was based on the same Promissory Note and the same Deed of Trust at issue in this lawsuit, Plaintiff alleged that Kozeny breached its duties when they "signed and/or filed and had recorded documents" on the property and when they allegedly failed to investigate the various transfers of the promissory note and deed of trust to ascertain whether there were any breaks in the chain of title. See

20

Caranchini v. Kozeny & McCubbin, LLC, 2011 WL 5921364, at *4 (W.D.Mo. 2011). Similarly, in Plaintiff's First Amended Petition against Martin Leigh, Plaintiff asserts that Martin Leigh breached its duties when "Martin Leigh drafted and recorded the Appointment of Successor Trustee" (First Amended Petition at ¶ 51); and when "Defendants took no action to determine if the statement Martin Leigh wrote was true" regarding the holder of the Note and who had the power to act under the Deed of Trust contained in the Appointment of Successor Trustee document. (First Amended Petition at ¶¶ 56, 57). This issue (regarding the Successor Trustee's duties under the Deed of Trust) was the same issue addressed in Caranchini v. Kozeny & McCubbin, LLC. Accordingly, the first collateral estoppel element is satisfied.

**Judgment on the Merits**. Judge Kays' decision against Plaintiff in Caranchini v. Kozeny & McCubbin, LLC was based on the merits because that decision specifically addressed Plaintiff's claims against Kozeny (i.e. that Kozeny "signed and/or filed and had recorded documents" on the property and when they allegedly failed to investigate the various transfers of the promissory note and deed of trust to ascertain whether there were any breaks in the chain of title. Id. at 4) and that decision specifically analyzed Kozeny's legal duties under the Deed of Trust (i.e. "Paragraph 22 of the deed of trust defines the trustee's duties, which are limited to giving notice of a foreclosure sale, selling the property at a public auction to the highest bidder, conveying the property by trustees' deed, and applying the proceeds of the sale." Id. at 4). Judge Kays then ruled that Kozeny did not owe any such duties and therefore could not have breached them. Id. at 4. Accordingly, the second collateral estoppel element is satisfied.

**Plaintiff Was a Party in the Prior Adjudication**. Plaintiff was also the plaintiff in the Caranchini v. Kozeny & McCubbin, LLC case and the third collateral estoppel element is satisfied.

**Plaintiff Had a Full Opportunity to Litigate the Prior Suit**.  Finally, there is no dispute that Plaintiff had a fully opportunity to litigate the prior suit, Plaintiff appealed the Caranchini v. Kozeny & McCubbin, LLC decision to the U.S. Court of Appeals to the 8th Circuit and Plaintiff lost.  See Caranchini v. Bank of America Nat. Ass'n, 566 Fed.Appx. 549 (8th Cir. 2014).  Accordingly, the fourth and final collateral estoppel element is satisfied.

As demonstrated above, Plaintiff had her chance to argue that a Successor Trustee owes duties outside of the Deed of Trust and she has lost.  As a matter of law, Plaintiff has no right to assert those claims again in this lawsuit against Martin Leigh and Count I (Negligent Misrepresentation) against Martin Leigh fails. For the same reasons, Plaintiff's Count III (MMPA Claim) against Martin Leigh fails as well.

3. **Collateral Estoppel Precludes Plaintiff From Relitigating Issues that She Lost in Federal Court Regarding the Prior Servicer of the Note and its Alleged Misconduct.**

Not only has Plaintiff previously sued Kozeny (the prior Successor Trustee), Plaintiff has also sued Bank of America (the prior Servicer of Plaintiff's loan) regarding the *__same__* Note and the *__same__* Deed of Trust at issue in this case. See Caranchini v. Bank of America, N.A., 4:10-CV-00672-DGK later combined with 4:11-CV-0464, 2013 WL 6987190, at *1 (W.D.Mo.2013).

For the same reasons briefed above, collateral estoppel prevents Plaintiff from relitigating issues determined in Caranchini v. Bank of America, N.A..  The summary judgment ruling in Plaintiff's Bank of America case is dispositive here because in that prior case Plaintiff also sought to prevent the enforcement of the Deed of Trust by challenging the Note (claiming it was forged), challenging Bank of America's standing to enforce the Note, and asserting a dubious tort theory fashioned as a negligence claim.

In ruling against Plaintiff in her <u>Bank of America</u> case, the court summarized the case's

procedural history as:

> On April 29, 2010, Plaintiff filed this lawsuit ("the first lawsuit") in the Circuit Court of Jackson County, Missouri. On July 6, 2010, Defendants removed the case to this Court based on diversity jurisdiction.
>
> Plaintiff filed a second amended complaint asking the Court to invalidate the security interest on the Property. Plaintiff's second amended complaint contains two counts. The first count seeks to quiet title to the Property; the second count seeks an injunction preventing any Defendant from foreclosing on the Property.
>
> On September 20, 2010, Plaintiff filed another lawsuit ("the second lawsuit") in the Circuit Court of Jackson County, Missouri. Plaintiff named as defendants all of the defendants in the first lawsuit and Kozeny & McCubbin, LLC, the alleged successor trustee of the Deed of Trust. On February 22, 2011, Plaintiff filed a second amended petition. The first count is almost identical to the first count in the first lawsuit. The second count asserts a negligence claim against BOA/BAC, Countrywide and MERS, and it seeks unspecified damages.

<u>Caranchini v. Bank of America, N.A.</u> at *1.

After setting forth that procedural background, the Court made factual findings including

the following key ones:

> - ***Bank of America, N.A., the current servicer of Plaintiff's loan***, holds a limited power of attorney for Citibank, N.A., as Trustee for the Certificate holders of the MLMI Trust, Mortgage Loan Asset–Backed Certificates, Series 2006 HI–5, and in that capacity ***obtained possession of the original Note***. Bank of America, N.A. also has possession of the original recorded Deed of Trust.
>
> - ***Plaintiff has defaulted and failed to fulfill her obligations under the Note*** and Deed of Trust by failing to pay the required amounts of monthly principal and interest under the Note when due ***from November 1, 2009 to the present***. Plaintiff currently ***owes $293,165.15*** in unpaid principal, plus unpaid interest, escrow, fees and costs which have continued to accrue since the default.

23

Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *3 (emphasis added).

The court rejected Plaintiff's quiet title claim against Bank of America ruling that "Plaintiff seeks to extinguish the BANA Defendants' interest by claiming her signature on the Note was forged. Plaintiff, however, has offered no factual support for this claim nor has she designated an expert witness to conduct a forensic examination." Id. at 4.

The court then analyzed and rejected Plaintiff's negligence claim against Bank of America because the bank did not breach any duty that it owed to Plaintiff under the Note or Deed of Trust and because she failed to articulate basis to support a tort claim. Specifically, the court's summary judgment ruling stated:

> ***Finally, the Court holds the BANA Defendants are entitled to summary judgment on Plaintiff's negligence claim***. In order to prevail on a negligence claim, "a plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure to perform proximately caused injury to the plaintiff." *Lopez v. Three Rivers Elec. Co-op., Inc.,* 26 S.W.3d 151, 155 (Mo.2000). " 'Whether a duty exists is purely a question of law,' suitable for determination on summary judgment." *Pippin v. Hill–Rom Co., Inc.,* 615 F.3d 886, 889 (8th Cir.2010) (quoting Lopez, 26 S.W.3d at 155). A legal duty may arise from a statute; from the parties' relationship to one another; or because one party assumed a duty to another by agreement. *Lumberman's Mut. Cas. Co. v. Thornton,* 92 S.W.3d 259, 263 (Mo.Ct.App.2002). Under Missouri law, a breach of contract alone does not give rise to a negligence claim. *Pippin,* 615 F.3d at 889.
>
> In the present case, Plaintiff has not identified any duty BANA Defendants' owed her. While ***Plaintiff intimates that they owed her a duty "to keep a marketable title, to not collect more than is owed on the note, [and] to keep Plaintiff from [being] subjected to constant stress because they refuse to address issues regarding her note"*** (Doc. 401 at 48), ***she cites no legal authority recognizing such duties***, and the Court cannot find any. ***Because Plaintiff cannot identify any duty the BANA Defendants owed her, much less violated, they are entitled to summary judgment on Plaintiff's negligence claim***.

Id. at *5 (emphasis added). Plaintiff's claims against Martin Leigh in her latest lawsuit are very similar. (i.e. "Plaintiff suffered . . . pecuniary loss. . . anxiety. . ." See First Amended Petition at ¶ 81). Accordingly, collateral estoppel precludes Plaintiff's tort action and her claims against Martin Leigh fail.

  **4.**   **The Federal Decisions Against Plaintiff Caranchini Are Well Known – Even to Plaintiff's Counsel (Gregory Leyh) – and Make Clear that a Successor Trustee's Duties to a Borrower Are Narrowly Defined by the Deed of Trust and Plaintiff's Argument Otherwise is Made in Bad Faith.**

The federal decisions against Plaintiff in <u>Caranchini Kozeny & McCubbin, LLC</u>, 4:11-CV-0464-DGK and in <u>Caranchini v. Bank of America, N.A.</u>, 4:10-CV-00672-DGK are well known. In particular, Plaintiff's counsel (Gregory Leyh) gained personal knowledge of those decisions when one of Plaintiff's counsel's other clients lost a lawsuit styled <u>Dedrick v. Federal National Mortgage Association</u>, 12-1425-CV-W-SOW, 2013 WL 12146528 (W.D.Mo. 2013). <u>Dedrick</u> is compelling authority against Plaintiff's claims for several reasons.

In <u>Dedrick</u>, the late Judge Wright considered essentially the same arguments raised against the Successor Trustee in that case (the Millsap and Singer law firm or "M&S") as those that are being asserted against Martin Leigh in the pending case. The court summarized the issues in <u>Dedrick</u> as:

> In Count IV, plaintiff alleges that M&S, the successor trustee, breached its fiduciary duty to plaintiff because ***M&S knew or should have known that BOA was not the legal holder*** of plaintiff's Note. *Plaintiff also alleges throughout the Petition that **M&S knew or should have known that BOA lacked the authority to appoint M&S as the successor trustee***.

See <u>Dedrick v. Federal National Mortgage Association</u>, 2013 WL 12146528, at *3 (emphasis added).

The court rejected that claim and ruled that the <u>Dedrick</u> borrower "has no colorable claim against M&S." Specifically, the court (citing Judge Kays' <u>Caranchini</u> decisions) ruled that:

> Generally, only the deed of trust dictates the duties and responsibilities of a trustee, such as M&S. ***Caranchini v. Kozeny & McCubbin, LLC***, No. 4:11-CV-0464-DGK, 2011 WL 5921364, at *4 (W.D. Mo. Nov. 28, 2011). In addition, under Missouri law, "[a] trustee in a deed of trust acts in a fiduciary capacity and [it] must act with complete integrity, fairness, and impartiality toward both the debtor and the creditor." ***Caranchini v. Bank of America, N.A.***, No. 10-CV-672, 11-464, 2012 WL 1833396, at *3 (W.D. Mo. May 18, 2012) (quoting <u>Spires v. Edgar</u>, 513 S.W.2d 372, 378 (Mo. 1974) (en banc)). "Where the deed of trust does not contain a provision directing the trustee to investigate a property's title, there is no requirement that the trustee initiate one." <u>Id.</u>
>
> Paragraph 22 of the deed of trust provides the duties of M&S, which include: (1) giving notice of sale by public advertisement; (2) selling the property at public auction to the highest bidder; (3) delivering the property by trustees' deed; and (4) applying the proceeds of the sale.[2] **All of plaintiff's allegations regarding M&S concern non-existent obligations under the deed of trust. For example, plaintiff alleges that M&S had an obligation to determine the propriety of BOA's role as a proper note holder. But no such duty exists** in the deed of trust. **Moreover, the deed of trust "does not include an affirmative duty to investigate the property's title or remove any clouds that a third-party places upon it**." <u>Id.</u> at *3; <u>see</u> <u>also</u> <u>Spires</u>, 513 S.W.2d at 378 (A trustee does not have any obligation or duty to an affirmative investigation into the deed of trust unless the trustee has *actual* knowledge of anything that would prevent foreclosure.). Therefore, **plaintiff has no colorable claim against M&S**.

<u>Dedrick v. Federal National Mortgage Association</u>, 2013 WL 12146528, at *3 (W.D.Mo. 2013) (emphasis added). For the same reasons, Plaintiff has no colorable claim against Martin Leigh in Plaintiff's pending lawsuit.

<u>Dedrick</u> is also relevant because Plaintiff's counsel (Gregory Leyh) was also counsel for the <u>Dedrick</u> borrower. Because of that, it is undisputed that Plaintiff's counsel had actual knowledge of the rulings previously entered against Plaintiff in <u>Caranchini v. Kozeny &</u>

McCubbin, LLC, 4:11-CV-0464-DGK and in Caranchini v. Bank of America, N.A., 4:10-CV-00672-DGK.  However, the First Amended Petition that Plaintiff's counsel has filed against Martin Leigh fails to disclose that the issues that Plaintiff is attempting to relitigate against Martin Leigh and Nationstar in the pending case (regarding the ***same*** Note and the ***same*** Deed of Trust) have been previously litigated and lost by his client.  Such lack of candor might be expected from Plaintiff (a disbarred lawyer).  However, Plaintiff's counsel's (Gregory Leyh) lack of candor is a horse of a different color in that it violates to Rule 11 (requiring counsel's certification that claims are warranted by existing law or a nonfrivolous argument to change the law) and Missouri Supreme Court Rule 4-3.3 (requiring candor toward the tribunal).

> **5.** **Defendants Have Physical Possession of the Note and that Fact is Dispositive Under R.S.Mo. 400.3-301.**

Plaintiff's underlying argument that "the original Note ***was not*** transferred to Merrill Lynch Mortgage Investors Trust" (First Amended Petition at ¶ 34, emphasis added) also fails because Nationstar had physical possession of the Note and provided the Note to Martin Leigh.  Further, Martin Leigh made the Note available to Plaintiff's counsel for inspection prior to Plaintiff filing this lawsuit and they in fact inspected the Note.  Under Missouri law, Nationstar's possession of the Note gave it the legal right to enforce the Note.  Specifically, R.S.Mo. 400.3-301 states:

> **"Person entitled to enforce"** an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 400.3-309 or 400.3-418(d). ***A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.***

See R.S.Mo. 400.3-301 (emphasis added).  Therefore, even if Nationstar's possession of the Promissory Note is somehow determined to be wrongful, Nationstar has the legal right to enforce

the Note and the Deed of Trust under R.S.Mo. 400.3-301 because Nationstar has possession of the Note and the Note is endorsed in blank. By virtue of its mere possession of the Note, Nationstar had the authority to appoint Martin Leigh as the Successor Trustee under the Deed of Trust. As a matter of law, nothing that Martin Leigh has done as the Successor Trustee is actionable.

Courts interpreting R.S.Mo. 400.3-301 uniformly agree that possession of an instrument such as a promissory note that has been endorsed in blank gives that party the right to enforce the instrument—even if the enforcing party does not own the promissory note or is in wrongful possession of the note. Those courts reject the argument that a party seeking to enforce a promissory note must prove ***ownership***, ***title*** or that it is the ***holder*** of a promissory note as suggested by Plaintiff's First Amended Petition. Id. at ¶¶ 14, 15. Those recent and controlling decisions include:

- Deutsche Bank National Trust Company v. Vaughn, ___ S.W.3d ____ (Mo.App.W.D. 2017), 2017 WL 3026920, at *2 (Mo.App. W.D. 2017). In Deutsche Bank the court rejected the borrower's argument that a bank lacked standing to enforce a promissory note ruling that the "'Application of the UCC is straightforward regarding [the] question of who may enforce the Note.' *Burns*, 406 S.W.3d at 497. Under Section 400.3-301, the holder of a negotiable instrument is entitled to enforce it. *Id.* 'A holder is one (1) who possesses the instrument, and (2) to whom the instrument is made payable.' *Id.*; Section 400.1-201(20). An instrument may be endorsed in blank and such instrument then becomes payable to its bearer. Sections 400.3-205(a) and (b). ***A party that possesses a negotiable instrument containing a blank endorsement that does not identify the person to whom it is payable has standing to enforce the note*** and, therefore, to bring an action to reform the deed of trust securing that instrument." (emphasis added)

- US Bank, N.A. v. Smith, 470 S.W.3d 17, 23 (Mo.App. W.D. 2015). In US Bank the court rejected a borrower's challenge to a party's right to enforce a note ruling that the "Application of the UCC is straightforward regarding [the] question of who is entitled to enforce the Note." *Id.* Section 400.03–301 governs who is entitled to enforce an instrument . . . The UCC Comment on this section states that this "definition recognizes

that enforcement is not limited to holders." *See* Mo. Ann. Stat. § 400.3–301 (2015). "It also includes a person in possession of an instrument that is not a holder ... [and] any other person who under applicable law is a successor to the holder or otherwise acquires the holder's rights." *Id."*

- Reinerio v. Bank of New York Mellon, 2015 WL 9581854, at *3 (W.D.Mo. 2015). In Reinerio the court, applying R.S.Mo. 400.3-301, rejected the borrower's argument that a party seeking to enforce promissory note needed to prove ownership or title to the note.

- In re Washington, 468 B.R. 846, 853–54 (Bkrtcy.W.D.Mo. 2011). In Washington the court summarized the right to enforce a promissory note under Missouri law ruling that "Under Mo.Rev.Stat. § 400.3–301 . . . *"A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument. . . .* If a negotiable instrument has been endorsed in blank. . . the instrument becomes payable to 'bearer' and may be negotiated by transfer of possession alone. . . If an instrument is payable to bearer, it may be negotiated by transfer of possession alone. . . a party entitled to enforce a note is also entitled to enforce the deed of trust securing that note, regardless of whether that transfer is recorded.¨ (emphasis in the original)

These cases make clear that Plaintiff's argument about who has "title," "ownership," or who is the "holder" of the Note are absolutely irrelevant because, under Missouri law, a party in possession of the Note (because it is endorsed in blank) can enforce it- period. There is no good faith basis for arguing otherwise.

### 6. Plaintiff's Argument that Martin Leigh Was Improperly Appointed as the Successor Trustee Fails to State a Claim.

As Plaintiff's counsel (Gregory Leyh) is personally aware, Plaintiff's attack on Nationstar's appointment of Martin Leigh as Successor Trustee is not a novel argument nor is it a viable one. Specifically, in Barnes v. Federal Home Loan Mortg. Corp., 2013 WL 1314200 at *5 (W.D.Mo. 2013), Plaintiff's counsel asserted and lost the same argument on behalf of another borrower against Federal Home Loan Mortgage Corp., Wells Fargo Bank, N.A. and Kozeny & McCubbin, L.C. (the claims against the Kozeny firm, as trustee under a deed of trust, were

29

abandoned) in the context of the <u>Barnes</u>' defendants Motion to Dismiss.  In <u>Barnes</u>, the borrower alleged that:

> "(1) "neither Defendant had "physical possession of the Note" at the time of the foreclosure sale";
>
> "(2) neither Defendant owned or held title to the Note"; and
>
> "(3) Plaintiff did not owe Defendants any money, thus he was not in default."
>
> "In his equitable claim, Plaintiff alleges the foreclose sale was void and should be set aside because Wells Fargo was not the owner of the Note and had no right to enforce the Note, thus it lacked authority to authorize the foreclosure sale and appoint Kozeny successor trustee to administer the sale."

<u>Barnes v. Federal Home Loan Mortg. Corp.</u>, 2013 WL 1314200, at *2 (W.D.Mo. 2013).  The <u>Barnes</u> allegations parrot the allegations asserted by Plaintiff in the case at bar.

The <u>Barnes</u> borrower asserted that the defendants "lacked the right to foreclose on the Property because they did not physically possess the Note."  <u>Id</u>. at *3.  The <u>Barnes</u> court rejected that argument because neither the deed of trust nor Missouri law required a party to have physical possession of the promissory note as a requirement to foreclose.   Specifically, the <u>Barnes</u> court ruled:

> . . . the Court finds no merit to Plaintiff's suggestion that Defendants lacked the right to foreclose on the Property because they did not physically possess the Note. First, the Deed of Trust did not require Defendants to hold physical possession of the Note in order to foreclose. In Missouri, the sale of a foreclosed property under a deed of trust is a matter of contract between the parties. *Belote v. McLaughlin,* 673 S.W.2d 27, 20 (Mo.1984). Section 22 of the Deed of Trust[6] states the procedure for invoking a power of sale, and it does not contain any provision requiring physical possession of the Note.
>
> Second, Missouri law does not require Defendants to have physical possession of the Note. ***Plaintiff argues that under Mo.Rev.Stat. § 400.3–301 "physical possession of a note is a statutory***

***requirement*** for enforcement by a 'person with a right to enforce.'
" Pl.'s Br. at 3. ***This is a misstatement of the law***.

Barnes v. Federal Home Loan Mortg. Corp., 2013 WL 1314200, at *3 (W.D.Mo. 2013) (emphasis added). In the case at bar, Martin Leigh's position is even stronger because it is undisputed that Nationstar had possession of the Note, that Nationstar provided the Note to Martin Leigh, and that Plaintiff and her counsel personally inspected the Note at Martin Leigh's office prior to filing this lawsuit.

The Barnes court, after rejecting the borrower's argument that "physical possession of a note is a statutory requirement for enforcement [of the note]" as a misstatement of law, ruled that there was nothing improper with the appointment of Kozeny as the Successor Trustee. Specifically, the Barnes court ruled that:

> …***the Court holds there is no merit to Plaintiff's claim that the foreclosure sale was void because Wells Fargo lacked the power to appoint Kozeny as trustee*** (Compl. at ¶¶ 18–25, 41–43). As discussed above, Plaintiff's theory that Wells Fargo had no right to enforce the Note flies in the face of well-established Missouri law. The Note is negotiable instrument which Wells Fargo could enforce pursuant to Mo.Rev.Stat. § 400.3–301. Under Missouri law "***a party entitled to enforce a note is also entitled to enforce the deed of trust securing the note***." *Washington,* 468 B.R. at 853.
>
> In the present case, if Wells Fargo was entitled to enforce the Note then it was entitled to enforce the Deed of Trust. Under the Deed of Trust, ***Wells Fargo possessed the power to call the foreclosure sale and appoint Kozeny as the trustee***.

Id. at *5–6. (W.D.Mo. 2013) (emphasis added). Barnes makes clear that Plaintiff's attempt to make an issue out of the manner in which Martin Leigh was appointed as the Successor Trustee under the Deed of Trust fails to state a claim as a matter of law. Barnes is particularly compelling given that – at the Motion to Dismiss stage of that case – the Barnes court had to accept all of the borrower's allegations as true.

31

7.     **The Federal Court Ruled that Plaintiff Executed the Note at Issue in this Case and She Cannot Re-Litigate that Issue Here.**

Plaintiff's Amended Petition does not specifically claim that the Note was forged but's Plaintiff's counsel obliquely referenced this issue in open court at the state court hearing on Plaintiff's Motion for Temporary Restraining Order (stating in effect that the Note needed to be inspected by an expert). Plaintiff has made the forgery claim in prior litigation regarding the same Note and the same Deed of Trust and this issue merits attention.

In that prior case, styled <u>Caranchini v. Bank of America, N.A.</u>, 2013 WL 6987190 (W.D.Mo. 2013), Plaintiff attempted to extinguish the same Deed of Trust at issue in this lawsuit by claiming that the Note had been forged. In rejecting Plaintiff's forgery claim, the court ruled that:

> ***<u>Plaintiff seeks to extinguish the BANA Defendants' interest by claiming her signature on the Note was forged.</u>***[7] Plaintiff, however, has offered no factual support for this claim nor has she designated an expert witness to conduct a forensic examination.[8] Plaintiff's bare allegations of forgery do not create a genuine dispute of material fact and are insufficient to survive summary judgment. *Owusu v. N .Y. State Ins.,* 655 F.Supp.2d 308, 319 (S.D.N.Y.2009) (holding a plaintiff alleging forgery to survive summary judgment must offer competent evidence supporting the allegation).
>
> ***<u>The record here establishes that Plaintiff signed the Note</u>***; that repayment of the Note is secured by the Deed of Trust; and that the Deed of Trust authorizes the Trustee to conduct a foreclosure sale under conditions that have been met here, namely, ***<u>Plaintiff's failure to make the required payments</u>***. This precludes the Court from finding that Plaintiff is the sole rightful holder of title to the Property and that Defendants have no interest in the Property. Thus, the BANA Defendants are entitled to summary judgment on Plaintiff's quiet title claim.

Id. at *4 (W.D.Mo. 2013) (emphasis added). The <u>Bank of America</u> case ruling makes clear not only that "Plaintiff signed the Note" but also that Plaintiff has failed to make payments due under

the Note.  Clearly, Plaintiff is precluded from re-arguing that she did not sign the Note and that she is not in default.

> **8.      Plaintiff Does Not Have Standing to Challenge the Validity of a Mortgage Securitization Agreement or Pooling and Servicing Agreement and any Alleged Breaches of those Agreements by Plaintiff Fail to State a Claim.**

As described above, Plaintiff's First Amended Petition alleges that "the original Note ***was not transferred*** to Merrill Lynch Mortgage Investors Trust, Series 2006-HE5 ***as required*** in order to allow Merrill Lynch Mortgage Investors Trust, Series 2006-HE5 to enforce the instrument in accordance with Section 400.3-301."   See First Amended Petition at ¶ 34, emphasis added). Plaintiff's opaque use of the phrase "***as required***" suggests that Plaintiff claims that there is some requirement [i.e. from a Mortgage Securitization Agreement and/or a Pooling Servicing Agreement] that has not been complied with "as required" and therefore Nationstar lacked authority to enforce the Note.  (Plaintiff makes similarly cryptic references to the alleged failure to comply with "servicer and investor guidelines" regarding Martin Leigh at ¶¶ 107, 112 and 129 and of her First Amended Petition.)  However, under Missouri law, such an argument is without merit.

In Reinerio v. Bank of New York Mellon, 2015 WL 9581854, at *2 (W.D.Mo. 2015) the court addressed a borrower's argument that the lender or servicer did not comply with a terms of pooling and servicing agreement.  The Reinerio court (recognizing the judicial consensus on this issue) rejected the borrower's argument ruling that a borrower lacks standing to raise an issue about a lender or servicer's failure to comply with such agreements.  On this point, the court ruled that:

> Plaintiff argues that because the defendants did not comply with the terms of the Pooling & Service Agreements, they did not have possession of the note and if they did not possess the note, then plaintiff could be subject to multiple enforcements of the note.

33

In Schwend v. U.S. Bank, N.A., No. 4:10CV1590CDP, 2013 WL 686592 (E.D.Mo. Feb.26, 2013), the Court stated, " 'A judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement.' " Id. at *3 (quoting Metcalf v. Deutsche Bank Nat. Trust Co., No. 3:11CV3014D, 2012 WL 2399369, at *4 (N.D.Tex. June 26, 2012)). Similarly, in Millon v. JP Morgan Chase Bank, N.A., 518 Fed. Appx. 491, 496 (8th Cir. 2013), the Court found that the plaintiff in that case failed to explain how the "note was securitized and transferred" had any "legal significance that impacts [the note holder's] right to enforce the note." See also, Banks v. HSBC Bank USA, N.A., No. 14-000139-CV-W-JTM, 2014 WL 4829541, *2 (W.D.Mo. Sept. 29, 2014) (same). See also Bailey v. Deutsche Bank Trust Co. Americas, No. 15-0014-CV-W-ODS, 2015 WL 1097393, *3, (W.D.Mo. Mar. 11, 2015) (same).

Courts have also rejected plaintiff's claim that the defendants needed to have ownership or title to a note. In Barnes v. Federal Home Mortg. Corp., No. 5:12-CV-06062-DGK, 2013 WL 1314200 (W.D.Mo. Mar. 28, 2013), aff'd, 550 Fed.Appx. 340 (8th Cir. 2014), the plaintiff alleged that since the Note had not been specifically endorsed in defendants' favor, the defendants did not own or hold title to the Note and could not foreclose on the property. The Court stated that there was "no merit to this argument." Id. at *4. The Court noted that:

[u]nder Missouri's enactment of U.C.C. Article 3, the Note is a negotiable instrument, thus, § 400.3-301 governs who may enforce it and foreclose on the Property. ...Under Missouri law, a special endorsement is not necessary to enforce a negotiable instrument. Although Plaintiff has cited a number of cases, none of them state that the holder of a note that has been endorsed in blank is forbidden from enforcing the note through the foreclosure process. On the contrary, MoRev.Stat. § 400.3-301 recognizes that the holder of a note endorsed in blank can enforce it. Accordingly, this portion of the Complaint fails to state a claim. Id. at *5 (internal citations omitted). Similarly, in the case In re Washington, 468 B.R. 846 (W.D.Mo. Dec.1, 2011), aff'd sub nom Washington v. Deutsche Bank Nat. Trust Co., No. 11-01278-CV-FJG, 2012 WL 4483798 (W.D.Mo. Sept. 28, 2012), the Court explained:

Under Mo.Rev.Stat. § 400.3-301, a "Person entitled to enforce" an instrument is defined as "(i) the holder of the instrument, (ii) a

34

nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 400.3-309 or 400.3-418(d). *A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.*" "Holder" with respect to a negotiable instrument, means the person in possession if the instrument is payable to bearer. "If a negotiable instrument has been endorsed in blank,[2] as the Note in this case has been, the instrument becomes payable to 'bearer' and may be negotiated by transfer of possession alone."[3] "If an instrument is payable to bearer, it may be negotiated by transfer of possession alone."[4] Finally, under Missouri law, a party entitled to enforce a note is also entitled to enforce the deed of trust securing that note, regardless of whether that transfer is recorded. "Possession of the note insures that this creditor, and not an unknown one, is the one entitled to exercise rights under the deed of trust, and that the debtor will not be obligated to pay twice." Id. at 853 (internal citations omitted).

Id. at *3–4 (W.D.Mo., 2015).  Reinerio, and the authority supporting it, makes clear that R.S.Mo. 400.3-301 controls who is entitled to enforce a promissory note that has been endorsed in blank (which includes even those who may be wrongfully in possession of such an instrument). Accordingly, Plaintiff's veiled allegation that the Promissory Note was not transferred "***as required***" fails to state a claim on which relief can be granted.  Further, because of Defendants' possession of the original Note, there is no risk of Plaintiff being subjected to multiple enforcements of the Note.

> **9.** **Plaintiff's Falsely Alleges that the Original Note <u>Was Not</u> Transferred to Merrill Lynch Mortgage Investors Trust, Series 2006-HE5.**

Martin Leigh is also entitled to judgment because the factual allegation underpinning Plaintiff's claims, i.e.:

> ". . . the original Note **<u>was not transferred</u>** to Merrill Lynch Mortgage Investors Trust, Series 2006-HE5"

(see Plaintiff's First Amended Petition at ¶ 34) is objectively false because that issue has already been addressed and ruled on against Plaintiff.

In <u>Caranchini v. Bank of America, N.A.</u>, 2013 WL 6987190, at *3 (W.D.Mo. 2013), the court ruled that:

> "Plaintiff's loan was one of hundreds of loans included in the MLMI 2006 HE–5 pool of assets ("Pooled Trust")."

<u>Id</u>. at 3. [The acronym MLMI 2006 HE-5 is a short hand expression used by the <u>Bank of America</u> court to describe *Merrill Lynch Mortgage Investors Trust, Series 2006-HE5;* that short hand has been used by Plaintiff (See Plaintiff's First Amended Petition, ¶ 23 and the petition's Exhibit 3); and the same short was used by Plaintiff in ***<u>Exhibit B</u>*** (Plaintiff's First Amended Petition against Kozeny filed in 2010) at ¶¶5, 7, 8, 9, and 13.]

Given the federal court's judgment on this issue, there is no merit to Plaintiff's argument that the "original Note **<u>was not</u>** transferred to Merrill Lynch Mortgage Investors Trust, Series 2006-HE 5." Martin Leigh is entitled to judgment.

### B. COUNT III (Alleged MMPA Violation) Against Martin Leigh Fails to State a Claim.

Plaintiff's Count III alleges that Martin Leigh breached the Missouri Merchandising Practices Act ("MMPA") by concealing that Nationstar lacked the right to foreclose the Deed of Trust; by failing to make a reasonable inquiry that would have revealed that Nationstar lacked the legal right to foreclose; and making charges exceeding those allowed by investor and servicer guidelines. See Plaintiff's First Amended Petition at ¶¶ 99, 100, 115 and 116. As noted above, collateral estoppel prevents Plaintiff from recasting her old claims as a MMPA claim. Furthermore, as briefed below, Plaintiff's MMPA claim against Martin Leigh fails as a matter of law and fact.

1.    **Martin Leigh's Alleged Deceptive Acts Were Not in Connection with the Sale or Advertisement of Plaintiff's Loan and the MMPA Does Not Apply as a Matter of Law.**

The MMPA makes unlawful "[t]he act, use or employment ... of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact ***in connection with the sale or advertisement*** of any merchandise in trade or commerce." Mo.Rev.Stat. § 407.020.1 (emphasis added). In Wivell v. Wells Fargo Bank, N.A., 773 F.3d 887 (8th Cir. 2014) ruled that the MMPA does not apply to trustees under a deed of trust.

In Wivell the borrowers alleged that Kozeny, acting as trustee under a deed of trust, breached the MMPA by "making false and misleading statements, by refusing to help them, and by failing to carry out its duties as trustee." Id. at 895. The borrowers argued that two Missouri Supreme Court cases supported their MMPA claim against the trustee, i.e. Conway v. CitiMortgage, Inc., 438 S.W.3d 410 (Mo.2014) and Watson v. Wells Fargo Home Mortg., Inc., 438 S.W.3d 404, 408 (Mo.2014).

The 8th Circuit disagreed. In ruling against the borrowers, the 8th Circuit ruled that a trustee's relation to a borrower under a deed of trust is fundamentally different from a lender's relationship with a borrower. Specifically, the 8th Circuit ruled that:

> *Conway* and *Watson* do not supply a reasonable basis in law for the Wivells' MMPA claim against Kozeny. Both cases concerned the lender-borrower relationship, not the trustee-borrower relationship at issue here, *see id.* at 406; *Conway,* 438 S.W.3d at 413, and the Conway court made clear that its rationale turned on the continuing nature of the lender-borrower relationship. As the court explained, "[b]ecause [the lender and the borrower] must continue to perform ... duties for the life of the loan, the sale continues throughout the time the parties perform their duties." *Id.* at 415. Consequently, an action taken while performing these continuing duties is "in connection with" the sale of a loan. *See id. **Unlike the defendants in Conway and Watson, Kozeny did not assume a continuing***

> *duty to service the Wivells' loan. Instead, the deed of trust established a narrow, contingent role for Kozeny in the event that the Wivells defaulted. Because Kozeny did not "continue to perform" these duties "for the life of the loan," see id., the rule established by Conway and Watson does not apply to a trustee like Kozeny*.
>
> Because there was no reasonable basis in fact and law for the Wivells' claims against Kozeny, it follows that Kozeny was fraudulently joined and that the district court properly denied the Wivells' motion to remand.

Id. at 895–96 (emphasis added). "For the foregoing reasons, [the 8th Circuit] affirm[ed] the district court's denial of the Wivells' motion to remand and affirm[ed] the district court's dismissal of the claims against Kozeny. . ." Id. at 900. See also Geran v. Xerox Education Services, Inc., 469 S.W.3d 459, 466 (Mo.App. W.D. 2015) citing Wivell with approval.

As ruled in Wivell, Martin Leigh's alleged failure (just like Kozeny's alleged failure in Wivell) to perform duties in conjunction with foreclosing a deed of trust are not actionable under the MMPA and Count III should be dismissed for failing to state a claim.

### 2. Plaintiff Has No Colorable MMPA Claim.

In Dedrick v. Federal National Mortgage Association, 12-1425-CV-W-SOW 2013 WL 12146528 the court ruled the same way that the 8th Circuit ruled in Wivell in that the MMPA does not apply to trustees under a deed of trust. In Dedrick the borrower alleged that:

> In her MMPA claim, plaintiff alleges that M&S and other defendants concealed BOA's and Fannie Mae's absence of a legal right to enforce plaintiff's Note at foreclosure; that M&S and other defendants concealed the true identity of the mortgagee and real party in interest; and that M&S and other defendants concealed the void appointment of M&S as a successor trustee.

Id. at *4. The MMPA violations alleged against the trustee in Dedrick are extremely similar to the claims against Martin Leigh. See Plaintiff's First Amended Petition ¶¶ 99, 100, 101, 102, 103, 104, 113, 114.

The <u>Dedrick</u> court rejected the MMPA claim against the Successor Trustee. Although the <u>Dedrick</u> decision was entered before <u>Conway v. CitiMortgage, Inc.</u>, 438 S.W.3d 410 (Mo.2014) and <u>Watson v. Wells Fargo Home Mortg., Inc.</u>, 438 S.W.3d 404 (Mo.2014), its result is correct because a trustee under a deed of trust does not assume a continuing duty to service the loan [unlike the duties of a lender or servicer] and the trustee's duties are contingent upon the borrower's default under the loan. Pursuant to <u>Dedrick</u>, and as also ruled later in <u>Wivell</u>, the MMPA does not apply to trustees under a deed of trust.

For the same reasons, Martin Leigh's alleged failure (just like Kozeny's alleged failure in <u>Wivell</u> and Millsap & Singer's alleged failure in <u>Dedrick</u>) to perform duties in conjunction with foreclosing a deed of trust are not actionable under the MMPA and Martin Leigh is entitled to judgment on Count III.

### 3. Nationstar's Physical Possession of Plaintiff's Original Note Gave it the Legal Right to Enforce the Note and the Exercise of a Legal Right Cannot be the Basis for an MMPA Claim Which Requires "Unlawful" Conduct in Order to State a Claim.

Plaintiff's MMPA claim also fails to state a claim against Martin Leigh because Missouri law makes it lawful for a person to enforce a note even though *"the person is not the owner of the instrument or is in wrongful possession of the instrument."* See R.S.Mo. 400.3-301 (emphasis added). In this case it is undisputed that Nationstar has possession of Plantiff's original Note and that Nationstar provided the Note to Martin Leigh. Because Nationstar's possession of the Note has been established, its and Martin Leigh's actions regarding foreclosing the Deed of Trust are specifically authorized by R.S.Mo. 400.3-301. Statutorily authorized conduct is per se "lawful" and cannot be the basis for an MMPA claim which requires that that actionable conduct be "unlawful." See R.S.Mo. 407.020.1. Furthermore, Martin Leigh's duties as the Successor Trustee under the Deed of Trust are specifically articulated and limited by the

Deed of Trust and those duties do not include a duty to investigate the various transfers of the Note. See Caranchini v. Kozeny & McCubbin, LLC, 2011 WL 5921364 (W.D.Mo. 2011); Spires v. Edgar, 513 S.W.2d 372, 378 (Mo. 1974); Wivell v. Wells Fargo Bank, N.A., 773 F.3d 887, 893 (8th Cir. 2014).

4. **Plaintiff's MMPA Claim Fails Because Plaintiff Has Not Alleged an Ascertainable Loss—i.e. Plaintiff Has Not Paid More than Owed on Her Loan.**

Plaintiff's First Amended Petition fails to quantify the amount of damages she seeks regarding her MMPA claim against Defendant Martin Leigh. Instead, Plaintiff generally demands unspecified "actual damages," "punitive damages," "attorneys' fees and costs" and "interest". See First Amended Petition at pp. 19-20. By using that pleading tactic, Plaintiff has failed to state an MMPA claim against Martin Leigh because Plaintiff has failed to plead an *ascertainable loss*.

To make a prima facie MMPA claim, Plaintiff must allege an ascertainable loss of money or property because an "ascertainable loss of money or property is an essential element of a cause of action brought under the MMPA." See Cregan v. Mortgage One Corporation, 2016 WL 3072395, at *4 (E.D.Mo. 2016). "[L]itigation expenses and attorney's fees are not recoverable as actual damages." Lester E. Cox Medical Centers, Springfield, MO v. Huntsman, 2003 WL 22004998, at *9 (W.D.Mo.2003).

"The Missouri Court of Appeals has held that a ***plaintiff fails to plead an ascertainable loss of money or property when the plaintiff does not allege that they have paid more than they owe on their loan***." Cregan v. Mortgage One Corporation, 2016 WL 3072395, at *4 (E.D.Mo. 2016) (emphasis added) citing *Freeman Health Sys. v. Wass*, 124 S.W.3d 504, 508 (Mo. Ct. App. 2004); Lester E. Cox Med. Centers, Springfield, MO v. Huntsman, No. 003276CVSDWECF,

2003 WL 22004998, at *9 (W.D. Mo. Aug. 5, 2003), aff'd sub nom. in <u>Lester E. Cox Med. Ctr., Springfield, Mo. v. Huntsman</u>, 408 F.3d 989 (8th Cir. 2005).

In <u>Cregan</u> the court rejected the borrowers' MMPA claim against their home lender and servicer because the borrowers failed to allege that they "paid more than they owe or more than the reasonable value of the loan." <u>Id</u>. at *5. In rejecting the MMPA claim, the <u>Cregan</u> court relied on <u>Freeman Health System v. Wass</u>, 124 S.W.3d 504, 508 (Mo.App. S.D. 2004) in which that court ruled against a debtor's MMPA claim regarding medical services because the <u>Freeman</u> debtor did not pay for the medical services. <u>Cregan</u> also relied on <u>Lester E. Cox Medical Centers, Springfield, MO v. Huntsman</u>, 2003 WL 22004998, at *9 (W.D.Mo. 2003) where that court rejected the debtors' MMPA claim because the debtors paid the creditor less than the amount the debtors alleged to have been overcharged by the creditor and "Consequently they [the debtors] have not suffered any ascertainable loss here, and the Court finds that Count I [MMPA claim] fails for lack of actual damages and an ascertainable loss." <u>Id</u>. at *9.

In this case it is undisputed that "[As of 2013] Plaintiff has defaulted and failed to fulfill her obligations under the Note and Deed of Trust. . . Plaintiff currently owes $293,165.15 . . . which have continued to accrue since the default." See Judge Kays' ruling in <u>Caranchini v. Bank of America, N.A.</u>, 2013 WL 6987190, at *3 (W.D.Mo. 2013) and Fact 14. Plaintiff's First Amended Petition makes no allegation that Plaintiff cured the payment default referenced by Judge Kays in his ruling or that Plaintiff has paid more than the $293,165.15 that she was adjudged to have owed as of 2013.

Accordingly, Plaintiff has failed to support her MMPA claim with an ascertainable loss because:

- Plaintiff owes at least $293,165.15 on her loan (i.e. the amount Judge Kayes adjudged Plaintiff to owe as of 2013), and

- Plaintiff's First Amended Petition does not allege that Plaintiff has paid more than she owes on her loan.

Because of that, Plaintiff's MMPA claim fails as a matter of law. See Cregan v. Mortgage One Corporation, 2016 WL 3072395, at *4 (E.D.Mo. 2016); and Lester E. Cox Medical Centers, Springfield, MO v. Huntsman, 2003 WL 22004998, at *9 (W.D.Mo.2003).

## IV.    CONCLUSION.

Martin Leigh is entitled to summary judgment on Count I (Negligent Misrepresentation) and Count III (MMPA) because:

- Collateral estoppel prevents Plaintiff from relitigating her challenges to the enforcement of the Note and Deed of Trust and she is bound by the decisions against her in **_Caranchini v. Kozeny & McCubbin, LLC_**, No. 4:11-CV-0464-DGK, 2011 WL 5921364 (W.D. Mo. Nov. 28, 2011); **_Caranchini v. Bank of America, N.A._**, No. 10-CV-672, 11-464, 2012 WL 1833396 (W.D. Mo. May 18, 2012).

- Nationstar has physical possession of the original Note and therefore its appointment of Martin Leigh as Successor Trustee, and the actions taken by Martin Leigh to foreclose, were legally authorized by R.S.Mo. 400.3-301.

- Martin Leigh's duties as Successor Trustee are specifically defined and limited by the Deed of Trust, ¶ 22; Martin Leigh did not breach any of those duties; and Plaintiff does not allege that Martin Leigh breached any of the duties set forth in ¶ 22 of the Deed of Trust. Spires v. Edgar, 513 S.W.2d 372, 378 (Mo. 1974).

- The MMPA does not apply to Successor Trustees under a Deed of Trust as a matter of law. Wivell v. Wells Fargo Bank, N.A., 773 F.3d 887, 895-896 (8th Cir. 2014).

- The MMPA Claim Fails Because Plaintiff Has Not Alleged an Ascertainable Loss—i.e. Plaintiff Has Not Paid More than Owed on Her Loan. Cregan v. Mortgage One Corporation, 2016 WL 3072395, at *4 (E.D.Mo. 2016).

WHEREFORE Defendant Martin Leigh PC respectfully requests that it be granted summary judgment against Plaintiff on all counts, that it be awarded its attorneys' fees and costs as provided by statute and law and as specifically as provided for in Volk Const. Co. v. Wilmescherr Drusch Roofing Co., 58 S.W.3d 897, 901 (Mo.App. E.D. 2001) and R.S.Mo. 407.025.1, and for such other relief as the Court deems just.

Respectfully submitted by,
MARTIN LEIGH PC

/s/ Thomas J. Fritzlen, Jr.
Thomas J. Fritzlen, Jr.          Mo. 34653
William H. Meyer                 Mo. 42345
Gregory D. Todd                  Mo. 56941
1044 Main Street, Suite 900
Kansas City, MO 64105
(816) 221-1430        Phone
(816) 221-1044        Fax
tjf@martinleigh.com
whm@martinleigh.com
gdt@martinleigh.com
COUNSEL FOR DEFENDANT
MARTIN LEIGH PC

## CERTIFICATE OF SERVICE

I certify by my signature below that a true and correct copy of this document was served on the parties below through the court's electronic filing system.

Gregory Leyh
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, MO 64118
gleyh@lehhlaw.com
COUNSEL FOR PLAINTIFF
CARANCHINI

Harry N. Arger
Molly Thompson
Thomas Alleman
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
harger@dykema.com

mthompson@dykema.com
COUNSEL FOR DEFENDANT
NATIONSTAR

/s/ Thomas J. Fritzlen, Jr.
Thomas J. Fritzlen, Jr.