IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GWENDOLYN GILL CARANCHINI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-cv-775-DGK |
| ) | |
| NATIONSTAR MORTGAGE LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING MOTION TO REMAND

Gwendolyn G. Caranchini ("Plaintiff") brings her fourth lawsuit contesting enforcement of the same promissory note and the same deed of trust. This time, she sues Nationstar Mortgage, LLC and Martin Leigh PC (collectively "Defendants"). Plaintiff filed this action in Jackson County, Missouri, and Defendants removed to this Court (Doc. 1). Now before the Court is Plaintiff's Motion to Remand (Doc. 8).

After review and consideration, this Court DENIES Plaintiff's Motion for Remand, and DISMISSES Plaintiff's claims against Defendant Martin Leigh.

### Background

Plaintiff has filed numerous lawsuits contesting the enforcement of the same promissory Note and the same Deed of Trust. As a result, several federal decisions address Plaintiff's claims:

- *Caranchini v. Bank of America, N.A.*, 4:10-CV-00672-DGK, 2013 WL 6987190 (W.D. Mo. Sept. 26, 2013).
- *Caranchini v. Kozeny & McCubbin, LLC*, 4:11-CV-0464-DGK, 2011 WL 5921364 (W.D. Mo. Nov. 28, 2011).
- *Caranchini v. Bank of America, N.A.*, 566 Fed. Appx. 549 (8th Cir. 2014).

This Court has laid out the factual background in prior decisions—*see, e.g.*, 2013 WL 6787190, at *1-4—and will only repeat basic facts here.

On June 10, 2006, Plaintiff borrowed $300,000 from Aegis Lending Corporation ("Aegis"). Plaintiff executed an adjustable rate note (the "Note") payable to Aegis in the original principal sum of $300,000 plus interest, at a yearly rate of 9.025% (subject to a potential change in interest rate on July 1, 2008), until the Note matured on July 1, 2036.

To secure payment of the Note, Plaintiff executed and delivered the Deed of Trust to Aegis, which granted a security interest in the real property located at 1203 West 62nd Street, Kansas City, MO, 64113 (the "Property"). Section 1 of the Note provides that the "Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"

The Deed of Trust authorizes the Trusted to conduct a foreclosure sale if Plaintiff fails to make the required payments. Plaintiff has defaulted and failed to fulfill her obligations under the Note and Deed of Trust by failing to pay the required amounts of monthly principal and interest under the Note. As of 2013, Plaintiff owed $293,165.15 in unpaid principal, plus interest, escrow, fees, and costs.

Defendant Nationstar is Plaintiff's loan servicer, and Defendant Martin Leigh is the Successor Trustee under the Deed of Trust. In this lawsuit, Plaintiff asserts against both Defendants claims for negligent misrepresentation and violations of the Missouri Merchandising Practices Act ("MMPA"). Plaintiff filed suit in Jackson County, Missouri. Defendant Nationstar removed to this Court (Doc. 1), alleging that Defendant Martin Leigh—a Missouri resident—was fraudulently joined to avoid diversity based removal to this Court. Plaintiff now seeks remand (Doc. 8).

## Standard of Review

After a civil action is removed under 28 U.S.C. 1441(b), "a defendant may avoid remand by demonstrating that the plaintiff fraudulently joined a non-diverse party to avoid removal." *McCarthy Bldg. Co., Inc. v. RSUI Indem. Co.*, No. 4:10-cv-2063, 2011 WL 3847401, at *7 (E.D. Mo. Aug. 30, 2011). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a nondiverse defendant solely to prevent removal." *Id.* "If there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (emphasis in original). "To prove that a plaintiff fraudulently joined a non-diverse defendant, the defendant seeking removal must prove that the plaintiff's claim against the defendant whose presence destroys diversity has 'no reasonable basis in fact and law.'" *McCarthy Bldg. Co.*, 2011 WL 3847401, at *7 (quoting *Knudson v. Sys. Painters, Inc.*, 634 F.3d 969, 977 (8th Cir. 2011)).

"The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012).

## Discussion

**A. Plaintiff does not state a colorable negligent misrepresentation claim against Martin Leigh.**

Plaintiff alleges that she states colorable claims against Defendant Martin Leigh. Plaintiff's negligent misrepresentation claim alleges that because her Note was not transferred to Merrill Lynch Mortgage Investors Trust, Series 2006-HE5, Nationstar lacked authority to

3

appoint Martin Leigh as Successor Trustee. Plaintiff also alleges that Martin Leigh breached its duty to investigate whether Plaintiff's Note was in fact conveyed to the Merrill Lynch Investors Trust.

Plaintiff's claim fails based entirely on law discussed or facts found in previous *Cacancihini* cases. In *Caranchini v. Bank of America, N.A.*, 4:10-CV-00672-DGK, 2013 WL 6987190, at *3 (W.D. Mo. Sept. 26, 2013), the court found that "Plaintiff's loan was one of hundreds of loans included in the MLMI 2006 HE-5 pool of assets ("Pooled Trust")." The acronym "MLMI 2006 HE-5" is a short-hand expression used to describe Merrill Lynch Mortgage Investors Trust, Series 2006-HE5. *See id.* Plaintiff's Note was transferred to the Merrill Lynch Mortgage Investors Trust.

In *Caranchini v. Kozney & McCubbin, LLC*, No. 4:11-cv-464, 2011 WL 5921364, at *4 (W.D. Mo. Nov. 28, 2011), the court found that the "deed of trust defines the trustee's duties, which are limited to giving notice of a foreclosure sale, selling property at public auction to the highest bidder, conveying the property by trustees' deed and applying the proceeds of the sale." The Deed of Trust does not impose upon Martin Leigh—the successor trustee—any duty regarding signing, filing, or recording documents about the Property, or to investigate transfers of the Note. *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 894 (8th Cir. 2014).

Plaintiff presents no new evidence or authority that would change the Court's analysis in light of the previous *Caranchini* decisions. Plaintiff does not state a colorable claim against Martin Leigh for negligent misrepresentation. Therefore, Count I of Plaintiff's Complaint is dismissed. *See Murphy*, 699 F.3d at 1031.

4

Case 4:17-cv-00775-DGK   Document 24   Filed 08/16/18   Page 4 of 7

**B. Plaintiff does not state a colorable MMPA claim against Martin Leigh.**

Plaintiff alleges that Martin Leigh violated the MMPA by concealing that Nationstar lacked the right to foreclose the Deed of Trust, failing to make a reasonable inquiry that would have revealed that Nationstar lacked the legal right to foreclose, and making charges exceeding those allowed by investor and servicer guidelines.

The MMPA prohibits the use of "unfair practice or the concealment . . . of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . whether committed before, during or after the sale, advertisement or solicitation." Mo. Rev. Stat. § 407.020.1. It provides:

> Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action . . . to recover actual damages.

Mo. Rev. Stat. § 407.025.1. To succeed on an MMPA claim, a plaintiff must show that she (1) purchased or leased merchandise; (2) primarily for personal, family or household purposes; and (3) thereby suffered an ascertainable loss of money or property, real or personal; (4) as a result of the defendant's use of one of the methods or practices declared unlawful by Section 407.020. *See id.*; *Owen v. Gen Motors Corp.*, 533 F.3d 913, 922 (8th Cir. 2008) (applying Missouri law).

In *Dedrick v. Federal National Mortgage Association*, No. 12-cv-1425, 2013 WL 12146528, at *4 (W.D. Mo. May 7, 2013), the court examined a MMPA claim where the borrower alleged that the successor trustee:

> concealed [Bank of America]'s and Fannie Mae's absence of a legal right to enforce plaintiff's Note at foreclosure . . . concealed the true identity of the mortgagee and real party in interest; and . . . concealed the void appointment . . . of [the] successor trustee.

5

The *Dedrick* court held that "Plaintiff's allegations . . . have nothing to do with the original loan transaction; instead, the alleged acts of concealment took place after plaintiff's loan was made. It is also firmly established that an MMPA claim cannot be brought against the entity that was not an initial party to a loan transaction, but only later forecloses on the loan." *See id.*; *see also Wivell*, 773 F.3d at 895-96 (finding "no reasonable basis in fact and law" for borrower's MMPA claim against trustee to a deed of trust).

Here, Plaintiff's MMPA claim against successor trustee Martin Leigh fails. Martin Leigh's alleged failure to perform duties attendant to foreclosure is not actionable under the MMPA. *See Dedrick*, 2013 WL 12146528, at *4 ("[A]n MMPA claim cannot be brought against the entity that was not an initial party to a loan transaction, but only later forecloses on the loan."). Therefore, "plaintiff has no colorable MMPA claim" against Martin Leigh. *See id*. Plaintiff's MMPA claim against Martin Leigh is dismissed. *See Murphy*, 699 F.3d at 1031.

**C. Defendants have not waived their right to removal.**

Plaintiff argues that both Defendants have waived their right to remove the case to federal court. She claims that Martin Leigh waived its right to remove because it filed an appearance and a motion to dismiss in state court. But Martin Leigh did not remove the case; Nationstar did. Martin Leigh's consent to removal is not necessary because it was fraudulently joined as a defendant. *See Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1046 (E.D. Mo. 2005) ("[P]laintiff may successfully challenge removal based on lack of unanimous consent only with respect to non-fraudulently joined defendants . . . .").

Plaintiff believes that Nationstar's appearance in state court is a waiver of its right to remove. A defendant's right to remove a case filed in state court is waived if defendant takes "some substantial offensive or defensive action in the state court action indicating a willingness

6
Case 4:17-cv-00775-DGK   Document 24   Filed 08/16/18   Page 6 of 7

to litigate in that tribunal before filing a notice of removal with the federal court." *See PR Grp., LLC v. Windmill Intern., Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015).  Nationstar's appearance in state court is not "substantial offensive or defensive action."  *See id.* (finding that defendant filing a motion to dismiss for lack of prosecution in state court did not waive its right to remove). Nationstar did not waive its right to remove.

## Conclusion

Since neither claim against Martin Leigh is colorable, the Court finds that Martin Leigh was fraudulently joined to defeat diversity jurisdiction and is now dismissed.  *See, e.g., Filla*, 336 F.3d at 810.  Complete diversity exists between Plaintiff and Defendant Nationstar, and federal jurisdiction is properly invoked under 28 U.S.C. § 1332.

Plaintiff's Motion to Remand (Doc. 8) is DENIED.  Plaintiff's claims against Defendant Martin Leigh—Counts I and III of the Complaint—are DISMISSED.  Martin Leigh's Motion for Summary Judgment (Doc. 17) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date: August 16, 2018        /s/ Greg Kays
                             GREG KAYS, CHIEF JUDGE
                             UNITED STATES DISTRICT COURT