IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GWENDOLYN G. CARANCHINI, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:17-CV-00775-DGK |
| NATIONSTAR MORTGAGE, LLC, | ) |
| and | ) |
| MARTIN LEIGH PC, | ) |
| Defendants. | ) |

### DEFENDANT MARTIN LEIGH PC'S MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL

COMES NOW Defendant Martin Leigh PC ("Martin Leigh") pursuant to Missouri Rule of Civil Procedure 55.03 and, for its Motion for Sanctions against Plaintiff and Plaintiff's counsel, states (filed in conjunction with this Motion is Martin Leigh's Memorandum in Support which is incorporated here by reference):

Martin Leigh seeks sanctions under Missouri Rule of Civil Procedure 55.03 against Plaintiff Caranchini and her counsel, Gregory Leyh, for fraudulently joining Martin Leigh in this lawsuit by asserting baseless claims as ruled by the Court in August 2018. See Doc. 24. Martin Leigh brings this Motion under Missouri Rule of Civil Procedure 55.03 because the sanctionable conduct occurred prior to removal. See Griffen v. City of Oklahoma City, 3 F.3d 336, 341 (10th Cir. 1993) ("[A] federal court may apply a state-law counterpart to Rule 11 to a pleading filed in state court prior to removal."). "Rule 11 of the Federal Rules of Civil Procedure is the source of Rule 55.03 and, with the exception of one inconsequential sentence in the Federal Rule, Rule 55.03 is the virtual equivalent of Federal Rule 11." State ex rel. Accurate Const. Co. v. Quillen,

1

809 S.W.2d 437, 440 (Mo.App.E.D. 1991). "Federal decisions construing Rule 11 are persuasive in applying Rule 55.03." Id. (internal citation omitted).

Prior to filing this Motion with the Court, on October 5, 2017 Martin Leigh served (but did not file) the Motion and its supporting Memorandum. On November 7, 2018 counsel for Martin Leigh met and conferred with Plaintiff's counsel but was unable to resolve the issues raised in the Motion and Martin Leigh now seeks relief for Plaintiff's and her counsel's sanctionable conduct.

Plaintiff's and her counsel's sanctionable conduct is established by Plaintiff's extensive litigation history regarding the very same Promissory Note and Deed of Trust at issue in this lawsuit (Plaintiff, a disbarred lawyer, pursued the prior three lawsuits *pro se*) and by Plaintiff's counsel's repeated use of fraudulent joinder as a litigation tactic—a practice condemned by the 8th Circuit.

Plaintiff and her counsel filed this lawsuit in state court against Defendant Nationstar Mortgage LLC (a loan servicer) and Martin Leigh (a Successor Trustee under a Deed of Trust) to delay the scheduled August 2017 non-judicial foreclosure of Plaintiff's home—the last mortgage payment that Plaintiff made on her home loan was for November ***2009***. Nationstar removed the case to federal court and Plaintiff filed a Motion to Remand. In August 2018 the Court denied Plaintiff's Motion to Remand and also dismissed Martin Leigh from the case because:

> Since neither claim against Martin Leigh is colorable, the Court therefore finds that Martin Leigh was fraudulently joined to defeat diversity jurisdiction and is now dismissed.

Doc. 24 at 7.

This case is significant in that it is Plaintiff's ***fourth*** challenge to the enforcement of the very same Promissory Note and Deed of Trust—Plaintiff has lost her three prior challenges.

2

Plaintiff's prior failed challenges are Caranchini v. Bank of America, N.A., 4:10-CV-00672-DGK, 2013 WL 6987190 (W.D.Mo. Sept. 26, 2013); Caranchini v. Kozeny & McCubbin, LLC, 4:11-CV-0464-DGK, 2011 WL 5921364 (W.D.Mo. Nov. 28, 2011); and Caranchini v. Bank of America, N.A., 566 Fed.Appx. 549 (8th Cir. 2014). Plaintiff's prior challenges resulted in binding adverse rulings against Plaintiff including she is in default under the Promissory Note and owes a significant debt.

Despite the prior decisions against her, Plaintiff's and her counsel's *Verified* First Amended Petition makes disingenuous allegations directly contradicting those rulings. For example, the petition alleges that "*Plaintiff does not owe any money pursuant to the terms of the Note*"; and "*Plaintiff is not in default*". First Amended Petition at ¶¶ 8 and 9. (Doc. 9-6, p. 3). Those issues were settled against Plaintiff in Caranchini v. Bank of America, N.A., 2013 WL 6987190 (W.D.Mo. Sept. 26, 2013) at *3 where the Court ruled that "Plaintiff has defaulted and failed to fulfill her obligations under the Note and Deed of Trust by failing to pay the required amounts of monthly principal and interest under the Note when due from November 1, 2009 to the present. Plaintiff currently owes $293,165.15. . ." Given these rulings, Plaintiff and her counsel lacked candor and a good faith basis for alleging that Plaintiff was not in default and owed no money pursuant to the terms of the Promissory Note.

Similarly, Plaintiff's Verified First Amended Petition alleges that Martin Leigh, as the Successor Trustee under the Deed of Trust, had a duty to determine who is the holder of Plaintiff's Note. First Amended Petition at ¶¶ 77,78, and 79. That issue was also settled against Plaintiff in Caranchini v. Bank of America, N.A., 2013 WL 6987190 (W.D.Mo. Sept. 26, 2013) at *4 where the Court ruled that "Paragraph 22 of the deed of trust defines the trustee's duties, which are limited to giving notice of a foreclosure sale, selling the property at a public auction to

3

the highest bidder, conveying the property by trustees' deed, and applying the proceeds of the sale." In light of this ruling, Plaintiff and her counsel lacked a good faith basis for asserting that Martin Leigh breached a duty to determine who is the holder of the Promissory Note.

Cleary, Plaintiff falsified the allegations in her Verified First Amended Petition. It is also clear that Plaintiff's counsel enabled the false verification – by violating his duty of candor to the tribunal and his duty to investigate Plaintiff's claims – when counsel failed to disclose these prior decisions against Plaintiff. It is undisputed that Plaintiff's counsel had actual knowledge of the prior Caranchini cases because the Caranchini v. Bank of America, N.A., 4:10-CV-00672-DGK and Caranchini v. Kozeny & McCubbin, LLC, 4:11-CV-0464-DGK decisions were both cited by the late Judge Wright to Plaintiff's counsel in Dedrick v. Federal National Mortgage Association, 2013 WL 12146528, at *3 (W.D.Mo. 2013) when Plaintiff's counsel fraudulently joined a party in that case. Plaintiff's counsel also attached an exhibit from the prior Caranchini litigation (with an identifying case footer) to Plaintiff's Verified First Amended Petition as Exhibit 2. Further, Plaintiff's counsel has himself cited to Caranchini v. Kozeny & McCubbin, 4:11-CV-0464-DGK, 2011 WL 5921364 in briefing that he has filed in the Western District. See Dedrick v. Federal National Mortgage Association, 4:12-CV-01425-DGK, Doc. 20, p. 7. There is no disputing that Plaintiff's counsel was fully aware of the Caranchini litigation history before filing this lawsuit.

Another disheartening aspect of this lawsuit is that there is no mention in the verified petition that the Promissory Note was previously adjudged to be endorsed in blank in Caranchini v. Bank of America, N.A., 2013 WL 5407206, at *3 (W.D.Mo.2013)). That omission is significant in the context of enforcing the Promissory Note because under R.S.Mo. 400.3-301 a party who is in physical possession of an instrument, endorsed in blank, has the absolute right to enforce it—even if that party is in wrongful possession of the instrument. Plaintiff's petition's

4

failure to disclose this fact further establishes that Plaintiff and her counsel lacked a good faith basis for asserting that Martin Leigh breached any duty Plaintiff and their conduct in this case (the ***fourth*** Caranchini challenge to the same Promissory Note and Deed of Trust) should be sanctioned.

WHEREFORE Defendant Martin Leigh PC respectfully requests that sanctions be imposed against Plaintiff and her counsel, jointly and severally, in the amount of $100,000 and that they be ordered to pay Martin Leigh's attorneys' fees and costs incurred in defending this matter in the amount of at least $45,000 and for such other relief as the Court deems just.

Respectfully submitted by,
MARTIN LEIGH PC
/s/ Thomas J. Fritzlen, Jr.
Thomas J. Fritzlen, Jr.     Mo. 34653
William H. Meyer            Mo. 42345
Gregory D. Todd             Mo. 56941
2405 Grand Blvd., Suite 410
Kansas City, MO 64108
(816) 221-1430     Phone
(816) 221-1044     Fax
tjf@martinleigh.com
whm@martinleigh.com
gdt@martinleigh.com
COUNSEL FOR DEFENDANT
MARTIN LEIGH PC

**CERTIFICATE OF SERVICE**

I certify by my signature below that a true and correct copy of this document was served on those identified below through electronic mail on November 16, 2018 (this motion was served on October 5, 2018 and again on November 8, 2018):

Gregory Leyh
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, MO 64118
gleyh@lehhlaw.com
COUNSEL FOR PLAINTIFF
CARANCHINI

Harry N. Arger

5

Molly Thompson
Thomas Alleman
Caleb Halberg
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
harger@dykema.com
mthompson@dykema.com
talleman@dykema.com
chalberg@dykema.com
COUNSEL FOR DEFENDANT
NATIONSTAR

/s/ Thomas J. Fritzlen, Jr.
Thomas J. Fritzlen, Jr.