# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| GWENDOLYN G. CARANCHINI, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     **Case No. 4:17-CV-00775-DGK** |
| | ) |
| NATIONSTAR MORTGAGE, LLC, | ) |
| | ) |
| and | ) |
| | ) |
| MARTIN LEIGH PC, | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT MARTIN LEIGH PC'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL

COMES NOW Defendant Martin Leigh PC ("Martin Leigh") pursuant to Missouri Rule of Civil Procedure 55.03 and, for its Memorandum in Support of Motion for Sanctions against Plaintiff and Plaintiff's counsel, states:

## TABLE OF CONTENTS

I.     INTRODUCTION AND BACKGROUND……………………………………...4

II.    ARGUMENT………………………………………………………………...6

    A.    Missouri Rule of Civil Procedure 55.03's Standard ………………….…...6

          1.    Plaintiff Has Been Sanctioned Before……………...…………..7

    B.    Fraudulent Joinder is Sanctionable…………………………………....8

    C.    Plaintiff and Her Counsel Should Be Sanctioned for Making these Misrepresentations…………………………………………………9

Case 4:17-cv-00775-DGK  Document 41  Filed 11/16/18  Page 1 of 21

1. Plaintiff and Her Counsel Lacked a Good Faith Basis for Alleging that the Promissory Note Was Not in Default and that Plaintiff Owed No Debt Under the Note……………………………………9

2. There Was No Good Faith Basis for Alleging that Martin Leigh Owed A Duty to Investigate Ownership of the Promissory Note………………………………………………………………12

3. Plaintiff and Her Counsel Had No Good Faith Basis to Allege that the Promissory Note Was Not Transferred and Could Not Be Enforced…………………………………………………14

4. Plaintiff and Her Counsel Had No Good Faith Basis to Allege that Nationstar and Martin Leigh Had No Interest in the Promissory Note …………………………………………………………...15

D. Plaintiff and Her Counsel Failed to Disclose the Prior Adverse Rulings..16

III. CARANCHINI'S PRIOR SANCTIONS AND DISBARMENT………….…..18

IV. PLAINTIFF'S COUNSEL'S FRAUDULENT JOINDER LITIGATION TACTIC……………………………………………………………………..19

V. CONCLUSION……………………………………………………………..19

## TABLE OF AUTHORITIES

Caranchini v. Bank of America, N.A., 4:10-CV-00672-DGK……………………………………4

Caranchini v. Kozeny & McCubbin, LLC, 4:11-CV-0464-DGK…………………………….....4

Caranchini v. Bank of America Nat. Ass'n, 566 Fed.Appx. 549 (8th Cir. 2014)……………......4

Dedrick v. Federal National Mortgage Association, 2013 WL 12146528……………………......6

Griffen v. City of Oklahoma City, 3 F.3d 336 (10th Cir. 1993)……………………………….....6

2

Davis v. MCI Communications Services, Inc., 421 F.Supp.2d 1178 (E.D.Mo. 2006)...............6

State ex rel. Accurate Const. Co. v. Quillen, 809 S.W.2d 437 (Mo.App. E.D. 1991)...............7

In re Estate of Caldwell, 766 S.W.2d 464 (Mo.App.E.D.1989)......................................7

Business Guides v. Chromatic Com. Enterprises, 892 F.2d 802 (9th Cir.1989).....................7

Pope v. Federal Exp. Corp., 49 F.3d 1327, 1328 (8th Cir.1995)......................................7

White v. General Motors Corp., 139 F.R.D. 178 (D.Kan.1991), aff'd, 977 F.2d 499 (10th Cir.1992)......................................................................................................7

Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254 (8th Cir.2013)....................................8

Welk v. GMAC Mortg., LLC, 720 F.3d 736 (8th Cir.2013)............................................8

Matter of Caranchini, 160 F.3d 420 (8th Cir. 1998).................................................12

In re Caranchini, 956 S.W.2d 910 (Mo. 1997)........................................................12

Disbarment of Caranchini, 522 U.S. 1104 (U.S. 1998)...............................................12

Caranchini v. Missouri Board of Law Examiners, 447 S.W.3d 768 (Mo.App. W.D. 2014).......12

Deutsche Bank National Trust Company v. Vaughn, 524 S.W.3d 193, 198 (Mo.App.W.D. 2017)......................................................................................................16

US Bank, N.A. v. Smith, 470 S.W.3d 17, 23 (Mo.App. W.D. 2015)................................16

Reinerio v. Bank of New York Mellon, 2015 WL 9581854..........................................16

In re Washington, 468 B.R. 846, 853–54 (Bkrtcy.W.D.Mo. 2011)..................................16

Mt. Hawley Ins. Co. v. Azia Contractors, Inc., 886 S.W.2d 640, 643 (Mo.App. W.D. 1994).....17

St. Louis University v. Hesselberg Drug Co., 35 S.W.3d 451, 455 (Mo.App. E.D. 2000)..........17

Hillary v. Trans World Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir. 1997).........................17

McCormies v. Penny Mac Loan Services, LLC and Millsap & Singer, P.C., 5:18-CV-06003-GAF......................................................................................................19

Gulotta v. Bank of America, et al., 4:12-CV-01335-BCW.............................................19

## I.    INTRODUCTION AND BACKGROUND.

Martin Leigh seeks sanctions against Plaintiff Caranchini and her counsel, Gregory Leyh, for fraudulently joining Martin Leigh in this lawsuit for asserting baseless claims (seeking actual damages, punitive damages and attorney's fees) against Martin Leigh. As ruled by the Court, not one of the claims was colorable. Doc. 24. Martin Leigh seeks sanctions under Missouri Rule of Civil Procedure 55.03 (Rule 11's analog) because the sanctionable conducted described below occurred prior to removal.

Plaintiff and her counsel filed this lawsuit in state court against Defendant Nationstar Mortgage LLC (a loan servicer) and Martin Leigh (a Successor Trustee under a Deed of Trust), seeking to delay the scheduled August 2017 non-judicial foreclosure of Plaintiff's home—the last mortgage payment that Plaintiff made was for November *2009*. Nationstar removed the case to federal court and Plaintiff filed a Motion to Remand. In August 2018 the Court denied Plaintiff's Motion to Remand and also dismissed Martin Leigh from the case because *"[S]ince neither claim against Martin Leigh is colorable, the Court therefore finds that Martin Leigh was fraudulently joined to defeat diversity jurisdiction and is now dismissed."* (Doc. 24 at 7.)

This case is significant in that it is Plaintiff's fourth challenge to the enforcement of the very same Promissory Note and Deed of Trust—Plaintiff has lost her three prior challenges. See Caranchini v. Bank of America, N.A., 4:10-CV-00672-DGK, 2013 WL 6987190 (W.D.Mo. Sept. 26, 2013); Caranchini v. Kozeny & McCubbin, LLC, 4:11-CV-0464-DGK, 2011 WL 5921364 (W.D.Mo. Nov. 28, 2011); and Caranchini v. Bank of America, N.A., 566 Fed.Appx. 549 (8th Cir. 2014). Plaintiff's prior challenges resulted in binding adverse rulings against Plaintiff including she is in default under the Promissory Note and owes a significant debt.

Case 4:17-cv-00775-DGK   Document 41   Filed 11/16/18   Page 4 of 21

Despite the prior decisions against her, Plaintiff's and her counsel's *Verified* First Amended Petition makes disingenuous allegations directly contradicting those rulings. For example, the petition alleges that "*Plaintiff does not owe any money pursuant to the terms of the Note*"; and "*Plaintiff is not in default*". First Amended Petition at ¶¶ 8 and 9. (Doc. 9-6, p. 3). Those issues were settled against Plaintiff in <u>Caranchini v. Bank of America, N.A.</u>, 2013 WL 6987190 (W.D.Mo. Sept. 26, 2013) at *3 where the Court ruled that "*Plaintiff has defaulted and failed to fulfill her obligations under the Note and Deed of Trust by failing to pay the required amounts of monthly principal and interest under the Note when due from November 1, 2009 to the present. Plaintiff currently owes $293,165.15. . .*." Given these rulings, Plaintiff and her counsel lacked candor and a good faith basis for alleging that Plaintiff was not in default and owed no money pursuant to the terms of the Promissory Note.

Similarly, Plaintiff's Verified First Amended Petition alleges that Martin Leigh had a duty to determine who is the holder of Plaintiff's Note. First Amended Petition at ¶¶ 49-58 and 77-79. That issue was also settled against Plaintiff in <u>Caranchini v. Bank of America, N.A.</u>, 2013 WL 6987190 (W.D.Mo. Sept. 26, 2013) at *4 where the Court ruled that "*Paragraph 22 of the deed of trust defines the trustee's duties, which are limited to giving notice of a foreclosure sale, selling the property at a public auction to the highest bidder, conveying the property by trustees' deed, and applying the proceeds of the sale.*" In light of this ruling, Plaintiff and her counsel lacked a good faith basis for asserting that Martin Leigh breached that duty.

Clearly, Plaintiff falsified the allegations in her Verified First Amended Petition. It is also clear that Plaintiff's counsel enabled the false verification – by violating his duty of candor to the tribunal and his duty to investigate Plaintiff's claims – when counsel failed to disclose these prior decisions against Plaintiff. Plaintiff's counsel had actual knowledge of the prior

Case 4:17-cv-00775-DGK   Document 41   Filed 11/16/18   Page 5 of 21

*Caranchini* cases because the <u>*Caranchini* v. Bank of America, N.A.</u>, 4:10-CV-00672-DGK and <u>*Caranchini* v. Kozeny & McCubbin, LLC</u>, 4:11-CV-0464-DGK decisions were both cited by the late Judge Wright to Plaintiff's counsel in <u>Dedrick v. Federal National Mortgage Association</u>, 2013 WL 12146528, at *3 (W.D.Mo. 2013). Additionally, Plaintiff's counsel attached an exhibit to Plaintiff's Verified First Amended Petition that was an affidavit filed in the prior <u>*Caranchini*</u> litigation. (See Doc. 9-6 p. 46-47, Exhibit 2 (Affidavit)). Further, Plaintiff's counsel has himself cited to <u>*Caranchini* v. Kozeny & McCubbin</u>, 4:11-CV-0464-DGK, 2011 WL 5921364 in briefing that he filed in the Western District. See <u>Dedrick v. Federal National Mortgage Association</u>, 4:12-CV-01425-DGK, Doc. 20, p. 7.

Another disheartening aspect of this lawsuit is that there is no mention in the verified petition that the Promissory Note was previously adjudged to be endorsed in blank in <u>*Caranchini* v. Bank of America, N.A.</u>, 2013 WL 5407206, at *3 (W.D.Mo.2013)). That omission is significant because under R.S.Mo. 400.3-301 a party who is in physical possession of an instrument, endorsed in blank, has the right to enforce it—even if that party is in wrongful possession. Plaintiff's petition's failure to disclose this prior ruling further establishes that Plaintiff and her counsel lacked a good faith basis for suing Martin Leigh.

## II. ARGUMENT.

### A. Missouri Rule of Civil Procedure 55.03's Standard.

"[A] federal court may apply a state-law counterpart to Rule 11 to a pleading filed in state court prior to removal." <u>Griffen v. City of Oklahoma City</u>, 3 F.3d 336, 341 (10th Cir. 1993) cited with approval in <u>Davis v. MCI Communications Services, Inc.</u>, 421 F.Supp.2d 1178, 1183 and fn 2 (E.D.Mo. 2006). "Rule 11 of the Federal Rules of Procedure is the source of Rule 55.03 and, with the exception of one inconsequential sentence in the Federal Rule, Rule 55.03 is the virtual

equivalent of Federal Rule 11." State ex rel. Accurate Const. Co. v. Quillen, 809 S.W.2d 437, 440 (Mo.App. E.D. 1991). "Federal decisions construing Rule 11 are persuasive in applying Rule 55.03." Id. citing In re Estate of Caldwell, 766 S.W.2d 464, 466 (Mo.App.E.D.1989). "Under Rule 55.03, there are basically three types of submitted papers which warrant sanctions: factually frivolous (not "well grounded in fact"); legally frivolous (not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law"); and papers "interposed for any improper purpose." Id. citing Business Guides v. Chromatic Com. Enterprises, 892 F.2d 802, 808 (9th Cir.1989). "Rule 55.03 also requires that a "reasonable" prefiling inquiry be conducted into the law and facts. The rule imposes an *objective* standard of conduct." Id. Plaintiff and her counsel have violated Rule 55.03.

### 1. Plaintiff Has Been Sanctioned Before.

Plaintiff is no stranger to court sanctions and she is fully aware that such sanctions apply to clients and counsel. In another Caranchini case styled Pope v. Federal Exp. Corp., 49 F.3d 1327, 1328 (8th Cir. 1995), Plaintiff – as a precursor to her disbarment - and her client falsified a document and offered it into evidence. As a sanction for that conduct, Plaintiff's client's case was dismissed, Plaintiff was sanctioned $25,000, and Plaintiff's client was sanctioned $8,882.50. In affirming the sanctions, the 8th Circuit reflected on yet another Caranchini case, styled White v. General Motors Corp., 139 F.R.D. 178 (D.Kan.1991), *aff'd,* 977 F.2d 499 (10th Cir.1992), where Plaintiff was sanctioned $50,000. In affirming the Pope sanction, the 8th Circuit noted that "[w]hile we have strongly suggested that trial courts consider the level of punishment necessary to adequately deter the undesirable conduct, we have stopped short of requiring trial courts to apply the least severe sanction." Id. at 1328.

**B.      Fraudulent Joinder is Sanctionable.**

Plaintiff's counsel's use of fraudulent joinder in this case is sanctionable- particularly given that this is the fourth time he has been caught doing it. The 8th Circuit addressed this issue in Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254 (8th Cir. 2013). Dunbar was originated by a group of Minnesota home borrowers' state court action against a mortgagee, the mortgagee's foreclosing law firm (and others) in which the borrowers' challenged the foreclosure of their homes. The action was removed to federal court; the borrowers' motion to remand was denied because the borrowers fraudulently joined the non-diverse foreclosing law firm; and the district court granted the mortgagee's Rule 12(b)(6) motion to dismiss and Rule 11(c) motion for sanctions against the borrowers' attorney. Id. at 1258–59. On appeal, the 8th Circuit also condemned that borrowers' attorney's fraudulent joinder tactic ruling that ". . . [borrower's counsel's] now trite attempts to avoid federal court by engaging in fraudulent joinder in order to then challenge federal subject matter jurisdiction are unacceptable." Id. at 1258–59.

The 8th Circuit sent an even stronger message in Welk v. GMAC Mortg., LLC, 720 F.3d 736 (8th Cir. 2013). In Welk, several Minnesota homeowners/borrowers alleged in state court that their home mortgages were invalid because the companies that held them did not possess the original promissory notes-- asserting a "show me the note" theory. The defendants removed the case to federal court and moved to dismiss. The district court dismissed nearly all of the borrowers' claims and *sua sponte* sanctioned the borrowers' counsel finding that the borrowers' "show me the note" theory had been repeatedly rejected by the courts and that the borrower's counsel had engaged in abusive litigation tactics –"*including he fraudulently joins a single nondiverse defendant (typically a law firm that represented one of the lenders in foreclosure proceedings) in an attempt to block removal to federal court.*" Id. at 738 (emphasis added). On

Appeal, the 8th Circuit upheld the district court's sanctions because "It reasonably concluded that the plaintiffs' claims were not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and that they had been brought "for an[ ] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Id. Welk is particularly powerful authority supporting the imposition of sanctions against Plaintiff's counsel because the district court in Welk imposed the sanction sua sponte and before all of the borrowers' claims had even been dismissed.

### C. Plaintiff and Her Counsel Should Be Sanctioned for Making these Misrepresentations.

#### 1. Plaintiff and Her Counsel Lacked a Good Faith Basis for Alleging that the Promissory Note Was Not in Default and that Plaintiff Owed No Debt Under the Note.

Underlying all of Plaintiff's claims is her sworn assertion that she was not in default under the Promissory Note and that she owed no debt. If those allegations were colorable, then Plaintiff's claims would not have been patently frivolous. No doubt aware of this and anxious to create an illusion of legitimacy to improperly delay the foreclosure of Plaintiff's house, Plaintiff and her counsel alleged in their Verified First Amended Petition, that:

> 8. Plaintiff does not owe any money pursuant to the terms of the Note.
>
> 9. Plaintiff is not in default on the Note.
>
> 10. Plaintiff has not dishonored her Note.

See Verified First Amended Petition (Doc. 9-6, p. 3, ¶¶ 8-10). Those representations were objectively false when made because these issues were settled by the Court against Plaintiff in Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *3. In that Caranchini case, the Court ruled that "*Plaintiff has defaulted and failed to fulfill her obligations under the Note and Deed of Trust by failing to pay the required amounts of monthly principal and interest under the*

*Note when due from November 1, 2009 to the present. Plaintiff currently owes $293,165.15. . ."*
(Emphasis added.)

Given the Court's ruling, Plaintiff and her counsel lacked a good faith basis for alleging that Plaintiff was not in default, owed no money and has not dishonored her Note and they should be sanctioned for making such claims.

Additionally, Plaintiff's counsel had actual knowledge of Plaintiff's prior failed challenges to the Promissory Note and Deed of Trust. This is proven by the footer to Exhibit 2 (Affidavit of Michael Balog) that Plaintiff's counsel attached to the Verified First Amended Petition that Plaintiff's counsel filed. Specifically, Exhibit 2's footer reveals the prior case:



(See Doc. 9-6, p. 46-47). The footer's reference to "4:10-CV-00672-DGK" corresponds to the decision rendered by the Court against Plaintiff in <u>Caranchini v. Bank of America, N.A.</u>, 4:10-CV-00672-DGK, 2013 WL 6987190 (W.D.Mo. Sept. 26, 2013).

Plaintiff's counsel's actual knowledge of the Plaintiff's prior failed challenges is also established by another lawsuit, <u>Dedrick v. Federal National Mortgage Association</u>, 2013 WL

Case 4:17-cv-00775-DGK   Document 41   Filed 11/16/18   Page 10 of 21

12146528, at *3 (W.D.Mo. 2013). In <u>Dedrick</u>, Plaintiff's counsel asserted similar claims for his client in that case that he has advanced here on behalf of Plaintiff. In <u>Dedrick</u>, the late Judge Wright cited to <u>Caranchini v. Bank of America, N.A.</u>, 4:10-CV-00672-DGK and <u>Caranchini v. Kozeny & McCubbin, LLC</u>, 4:11-CV-0464-DGK in the ruling dismissing the claims against the successor trustee in the <u>Dedrick</u> case because the borrower had "no colorable claim" against the successor trustee and holding that it had been fraudulently joined. <u>Id.</u>

<u>Dedrick</u> further establishes Plaintiff's counsel's actual knowledge of the prior rulings against Plaintiff because Plaintiff's counsel specifically cited to "<u>Caranchini v. Kozeny & McCubbin</u>, Case No. 4:11-CV-0464-DGK, 2011 WL 5921364 (W.D. Mo. Nov. 28, 2011)" in a Reply Brief that he filed in <u>Dedrick</u>. Specifically, Plaintiff's counsel filed a brief stating:

> Contrary to defendants' argument that <u>Caranchini v. Kozeny & McCubbin</u>, Case No. 4:11-CV-0464-DGK, 2011 WL 5921364 (W.D. Mo. Nov. 28, 2011) supports a finding of fraudulent joinder, an examination of plaintiff's Deed of Trust actually supports remand. For example, plaintiff's Deed of Trust provides:
>
> > **Substitute Trustee**. Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded.
>
> Plaintiff's allegations relating to the invalid Appointment of Successor Trustee clearly raise a direct issue regarding compliance with the express terms of the Deed of Trust, and are therefore well within the scope of the test set forth in <u>Caranchini</u>. <u>Id.</u> at *3 ("The duties and powers of a trustee are fixed by the terms of the contract, namely, the deed of trust.")

See 4:12-CV-01425-DGK, Doc. 20, p. 7.

Furthermore, Plaintiff's counsel had a duty to investigate Plaintiff's claims before filing this lawsuit. If Plaintiff's counsel did this, then he ignored everything that he saw. For example, Plaintiff's counsel should have obtained evidence to substantiate the allegation that Plaintiff was not in default, which he could not have done because Plaintiff's last mortgage payment was for

Case 4:17-cv-00775-DGK   Document 41   Filed 11/16/18   Page 11 of 21

November *2009*. Additionally, "Caranchini" is a unique name and relatively easy to search. A Pacer search in the Western District of Missouri would have revealed Plaintiff's three prior challenges to this Promissory Note and this Deed of Trust made in cases 4:10-CV-00672-DGK; 4:11-CV-00464-DGK (consolidated with 672); and 4:14-CV-00480-DGK. A Case.Net search of cases filed in the Circuit Court of Jackson County, Missouri would have revealed a host of cases related to Plaintiff including her prior pro se actions filed against Bank of America, N.A., Kozeny & McCubbin; and Nationstar Mortgage LLC that were later removed to this Court. A Westlaw search would have also revealed Plaintiff's prior litigation history regarding the Promissory Note and the Deed of Trust. See Caranchini v. Bank of America Nat. Ass'n, 566 Fed.Appx. 549 (8th Cir. 2014); Caranchini v. Kozeny & McCubbin, LLC, 2011 WL 5921364, at *1 (W.D.Mo. 2011); Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *1 (W.D.Mo. 2013). A Westlaw search would have also revealed Plaintiff's extensive disciplinary proceedings history which should have given Plaintiff's counsel pause before relying on Plaintiff's representations to him. See Matter of Caranchini, 160 F.3d 420 (8th Cir. 1998); In re Caranchini, 956 S.W.2d 910 (Mo. 1997); Disbarment of Caranchini, 522 U.S. 1104 (U.S. 1998); and Caranchini v. Missouri Board of Law Examiners, 447 S.W.3d 768 (Mo.App. W.D. 2014). Even a Google search would have revealed references to prior Caranchini litigation.

There is no disputing that Plaintiff and her counsel had actual knowledge of the prior adverse rulings against Plaintiff and that they lacked a good faith basis for alleging that Plaintiff was not in default and owed no debt under the Promissory Note. In the context of a foreclosure challenge, such misrepresentations are material and should be sanctioned.

> **2.     There Was No Good Faith Basis for Alleging that Martin Leigh Owed a Duty to Investigate Ownership of the Promissory Note.**

Plaintiff's Verified First Amended Petition alleges that Martin Leigh owed a duty to investigate who was the holder of Plaintiff's Note. Specifically, the petition claims:

<u>Martin Leigh's Breach of Duty</u>

49. Martin Leigh is' in the business of, among other things, serving as a Successor Trustee for the purpose of conducting foreclosure sales in Missouri.

50. Martin Leigh has a pecuniary interest in its business serving as a Successor Trustee for the purpose of conducting foreclosure sales in Missouri.

51. Martin Leigh drafted and recorded the Appointment of Successor Trustee.

52. The Appointment contains the following Martin Leigh File No. "Caranchini, 6107.967".

53. Martin Leigh File No. "Caranchini, 6107.967" identifies a Martin Leigh file number for the Caranchini case.

54. The designation Martin Leigh File No. "Caranchini, 6107.967" indicates that the Appointment was created and drafted in the law office of Martin Leigh.

55. The statements drafted by Martin Leigh, contained in the Appointment, and quoted above in ¶ 39, are false.

56. Although Martin Leigh drafted the statement representing that Wilmington Trust, National Association, as Successor Trustee to CitiBank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE5 is the holder of the Note, defendants took no action to determine if the statement Martin Leigh wrote was true.

See Verified First Amended Petition (Doc. 9-6, p. 8-9 at ¶¶ 49-56, and p. 12-13 at ¶¶ 77-80). That issue was also settled against Plaintiff in <u>Caranchini v. Bank of America, N.A.</u>, 2013 WL 6987190. In that case, Plaintiff alleged that the Kozeny law firm (a prior successor trustee) breached duties to Plaintiff by recording documents without having investigated various transfers of the Promissory Note.

13

In rejecting Plaintiff's arguments against the Kozeny firm regarding such alleged duties, the Court looked to the terms of the Deed of Trust and the Court ruled that "Paragraph 22 of the deed of trust defines the trustee's duties, which are limited to giving notice of a foreclosure sale, selling the property at a public auction to the highest bidder, conveying the property by trustees' deed, and applying the proceeds of the sale. At the time the second amended petition was filed no foreclosure sale had occurred or was pending against the property, thus Kozeny [the prior Successor Trustee] could not possibly have breached any duty owed to the Plaintiff under the deed of trust. Consequently, there is no reasonable basis in fact or law for Count III against Kozeny [the prior Successor Trustee under the Deed of Trust]. . ." Id. at 4. In light of the Court's ruling from the prior Caranchini litigation concerning the trustee's duties, Plaintiff and her counsel lacked a good faith basis for asserting that Martin Leigh breached a duty to determine who is the holder of the Promissory Note.

Plaintiff's and her counsel's assertion regarding the existence of such an expansive duty is doubly troubling because Plaintiff's counsel previously acknowledged in Dedrick that a trustee's duties are fixed by the terms of the deed of trust. In Dedrick, Plaintiff's counsel cited Caranchini v. Kozeny & McCubbin, Case No. 4:11-CV-0464-DGK, 2011 WL 5921364 at *3 (W.D. Mo. Nov. 28, 2011) for the statement of law that "*The duties and the powers of a trustee are fixed by the terms of the contract, namely, the deed of trust.*" See 4:12-CV-01425-DGK, Doc. 20, p. 7 (emphasis added).

### 3. Plaintiff and Her Counsel Had No Good Faith Basis to Allege that the Promissory Note Was Not Transferred and Could Not Be Enforced.

Plaintiff and her counsel alleged that that the Promissory Note was not transferred to MLMI 2006-HE5 and that Nationstar and Martin Leigh had no right regarding foreclosing the Deed of Trust that secured the Promissory Note. Specifically, Plaintiff and her counsel alleged:

14

> 34.  Upon information and belief, the original Note was not transferred to Merrill Lynch Mortgage Investors Trust, Series 2006-HE5 as required in order to allow Merrill Lynch Mortgage Investors Trust, Series 2006-HE5 to enforce the instrument in accordance with Section 400.3-301 RSMo.

See Verified First Amended Petition (Doc. 9-6, p. 6 at ¶ 34). That issue was also expressly considered and ruled on against Plaintiff in prior Caranchini litigation. In Caranchini v. Bank of America, N.A., 2013 WL 6987190, at *3 (W.D.Mo. 2013), the Court ruled that "Plaintiff's loan was one of hundreds of loans included in the MLMI 2006 HE–5 pool of assets ("Pooled Trust")." Id. at 3. [The acronym MLMI 2006 HE-5 is a short hand expression used by the Bank of America court to describe *Merrill Lynch Mortgage Investors Trust, Series 2006-HE5;* that short hand has been used by Plaintiff (See Plaintiff's Verified First Amended Petition, ¶ 23 and the petition's Exhibit 3)].

Given the Court's prior judgment on this issue, Plaintiff and her counsel lacked a good faith basis for making the ¶ 34 allegation and they should be sanctioned.

> **4.     Plaintiff and Her Counsel Had No Good Faith Basis to Allege that Nationstar and Martin Leigh Had No Interest in the Promissory Note.**

Plaintiff and her counsel alleged that Nationstar and Martin Leigh have no right or interest in the Promissory Note and therefore no right to enforce the note. Specifically, they alleged that:

> 14.  Defendants have no right or interest in or to the Promissory Note.
>
> 15.  Defendants are not and have never been the holder of the Note, and have never had a right to enforce the Note.
>
> 16.  As is explained further in significant detail, defendants are not and have not been the owner of the Note, and have no right to enforce the Note. Consequently, it is impossible for plaintiff to be in default to defendants.

15

See Verified First Amended Petition (Doc. 9-6, p. 3 at ¶¶ 14-15.). What Plaintiff's Verified First Amended Petition fails to disclose is that the Promissory Note was previously adjudged to be endorsed in blank in Caranchini v. Bank of America, N.A., 2013 WL 5407206, at *3 (W.D.Mo.2013)). That is significant because, under R.S.MO. 400.3-301, one who possesses an instrument that has been endorsed in blank has the legal right to enforce the instrument including a ". . .even though the person is not the owner of the instrument or is in wrongful possession of the instrument." Id. Courts interpreting R.S.Mo. 400.3-301 uniformly agree that possession of an instrument endorsed in blank gives that party the right to enforce the instrument. See Deutsche Bank National Trust Company v. Vaughn, 524 S.W.3d 193, 198 (Mo.App.W.D. 2017); US Bank, N.A. v. Smith, 470 S.W.3d 17, 23 (Mo.App. W.D. 2015); Reinerio v. Bank of New York Mellon, 2015 WL 9581854, at *3 (W.D.Mo. 2015); In re Washington, 468 B.R. 846, 853–54 (Bkrtcy.W.D.Mo. 2011).

Given the Court's prior ruling, and these authorities, Plaintiff's and her counsel's claims regarding the right to enforce the Promissory Note are factually and legally unsupportable and they have been asserted in bad faith.

**D.      Plaintiff and Her Counsel Failed to Disclose the Prior Adverse Rulings.**

Finally, Plaintiff and her counsel crafted the Verified First Amended Petition as though there had never been any litigation regarding Plaintiff's Promissory Note and Deed of Trust – which is clearly false. By ignoring fundamental concepts of candor to the tribunal, Plaintiff and her counsel sought to avoid collateral estoppel and the legal consequences of the rulings from Caranchini v. Bank of America, N.A., 4:10-CV-00672-DGK, 2013 WL 6987190 (W.D.Mo. Sept. 26, 2013); Caranchini v. Kozeny & McCubbin, LLC, 4:11-CV-0464-DGK, 2011 WL

5921364 (W.D.Mo. Nov. 28, 2011); and <u>Caranchini v. Bank of America, N.A.</u>, 566 Fed.Appx. 549 (8th Cir. 2014).

"Collateral estoppel precludes the same parties or their privies from relitigating issues which have been previously litigated." <u>Mt. Hawley Ins. Co. v. Azia Contractors, Inc.</u>, 886 S.W.2d 640, 643 (Mo.App. W.D. 1994). "The doctrine of collateral estoppel applies when once a court has determined an issue of fact or law *necessary to its judgment,* that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first cause." <u>Id</u>. at 644.

Although Martin Leigh was not a party to the prior <u>Caranchini</u> litigation, "[a] ***non-party*** to an earlier adjudication may assert collateral estoppel, or issue preclusion, against a party to the prior suit to bar relitigation of an issue in a subsequent proceeding." <u>St. Louis University v. Hesselberg Drug Co.</u>, 35 S.W.3d 451, 455 (Mo.App. E.D. 2000) (emphasis added).

In determining if a claim is barred by collateral estoppel, courts consider: "(1) was the issue decided in the prior adjudication identical with the issue presented in the present action; (2) did the prior adjudication result in a judgment on the merits; (3) was the party against whom collateral estoppel is asserted a party or in privity with a party to the prior adjudication; and (4) did the party against whom collateral estoppel is asserted have a full and fair opportunity to litigate in the prior suit." <u>Id</u>. at 455 and <u>Hillary v. Trans World Airlines, Inc.</u>, 123 F.3d 1041, 1043 (8th Cir. 1997) (". . . cases from this circuit have consistently concluded that [the res judicata or] collateral estoppel [effect of a prior judgment] in a diversity action is a question of substantive law controlled by state common law.")

Applying this four-part test, it is clear that Plaintiff is collaterally estopped from reasserting the same issues here because: **(1)** the **same issues** were involved (the right to enforce

Case 4:17-cv-00775-DGK   Document 41   Filed 11/16/18   Page 17 of 21

the same Deed of Trust and the same Note and the trustee's alleged duties to investigate the ownership and enforceability of those documents), see Caranchini v. Kozeny & McCubbin, LLC, 2011 WL 5921364, at \*4 (W.D.Mo. 2011)); **(2)** there was a **judgment on the merits** in Caranchini v. Kozeny & McCubbin, LLC that specifically ruled on the trustee's duties under the Deed of Trust, the trustee's duties to investigate transfers of the Promissory Note, the trustee's duties are defined and limited by Paragraph 22 of the Deed of Trust, and that the trustee did not violate any duties, Id. at \*4; **(3) Plaintiff was a party to the prior adjudication**; and **(4) Plaintiff had a full opportunity to litigate the prior litigation** which included a failed appeal, see Caranchini v. Bank of America Nat. Ass'n, 566 Fed.Appx. 549 (8th Cir. 2014).

By ignoring the preclusive effect of the prior Caranchini cases (and by failing to articulate any reasonable basis as to why those cases are not binding), Plaintiff and her counsel have harassed Martin Leigh, caused unnecessary delay (they have benefitted from their misdeeds by delaying the foreclosure for over a year), and they have needlessly increased the cost of litigation—i.e. challenging the same Promissory Note and Deed of Trust *four* times.

## III. CARANCHINI'S PRIOR SANCTIONS AND DISBARMENT.

As the Court is aware, Plaintiff is litigious and unconcerned when it comes to making false representations to courts to advance her agenda. This not only has this resulted in significant sanctions being imposed against her in the past but it also triggered Plaintiff's disbarment. Generally, see Pope v. Federal Exp. Corp., 49 F.3d 1327, 1328 (8th Cir. 1995) (imposing $25,000 in Rule 11 sanctions against Caranchini); White v. General Motors Corp., 139 F.R.D. 178 (D.Kan.1991), aff'd, 977 F.2d 499 (10th Cir. 1992) (imposing $50,000 in Rule 11 sanctions against Caranchini); Matter of Caranchini, 160 F.3d 420 (8th Cir. 1998) (disbarment proceeding); In re Caranchini, 956 S.W.2d 910 (Mo. 1997) (disbarment proceeding);

Disbarment of Caranchini, 522 U.S. 1104 (U.S. 1998); and Caranchini v. Missouri Board of Law Examiners, 447 S.W.3d 768 (Mo.App. W.D. 2014) (Plaintiff Caranchini sued the Missouri Board of Law Examiners after she was permitted to sit again for the Missouri Bar Examination but was unable to pass the exam).

Clearly, Plaintiff's conduct here (bringing essentially the same lawsuit four times and making false claims within her verified petition) warrants sanctions and her abusive litigation history requires that the sanction be severe.

## IV. PLAINTIFF'S COUNSEL'S FRAUDULENT JOINDER LITIGATION TACTIC.

As for Plaintiff's counsel, this is not the first time that he has fraudulently joined a law firm serving as a trustee when attacking a foreclosure. In the U.S. District Court for the Western District of Missouri alone, there are at least three other cases in which Plaintiff's counsel has been caught misusing the fraudulent joinder tactic. See McCormies v. Penny Mac Loan Services, LLC and Millsap & Singer, P.C., 5:18-CV-06003-GAF, Doc. 30, p. 12; Dedrick v. Federal National Mortgage Association, 4:12-CV-01425-DGK, Doc. 40, p. 9; and Gulotta v. Bank of America, et al., 4:12-CV-01335-BCW, Doc. 59, p. 6-7. Fraudulent joinder is an abusive and sanctionable litigation tactic. See Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1258–59 (8th Cir. 2013) and Welk v. GMAC Mortg., LLC, 720 F.3d 736, 738 (8th Cir. 2013). Plaintiff's counsel repeated misuse of fraudulent joinder warrants severe sanctions.

## V. CONCLUSION.

Martin Leigh has incurred substantial legal fees and costs defending itself against the baseless claims that Plaintiff and her counsel have made. Such conduct requires that severe sanctions be imposed against them.

Plaintiff should be subjected to severe sanctions because she made demonstrably false claims in her *Verified* First Amended Petition. Plaintiff's willingness to falsify claims, while disappointing, is not completely surprising given her disbarment and her disciplinary history. Furthermore, Plaintiff's mortgage payment history (last payment, November 2009) makes clear that this lawsuit is little more than a cold calculation to wrongfully postpone a foreclosure.

Plaintiff's counsel's conduct in enabling Plaintiff's lawsuit is a horse of a different color and more egregious because he holds a bar license which comes with obligations such as the duty of candor to the tribunal and the duty to investigate claims before asserting them—two duties that he abandoned. As briefed above, Plaintiff's counsel was personally aware of the prior Caranchini cases before he filed this lawsuit.

Plaintiff's counsel is also personally aware of the consequences of fraudulently joining a party such as Martin Leigh because he has been caught using this improper tactic in three other lawsuits in the Western District. As ruled by the 8th Circuit, counsel who use fraudulent joinder subject themselves to sanctions particularly if they have used the tactic multiple times.

Plaintiff's and her counsel's recurring misconduct warrants sanctions against them, jointly and severally, in an amount of at least $100,000 in addition to the attorneys' fees and costs that Martin Leigh has incurred in defending itself and in seeking relief from this misconduct. Given Plaintiff's and her counsel's established record of repeated abusive litigation tactics, a lessor sanction will not deter them.

WHEREFORE Defendant Martin Leigh PC respectfully requests that sanctions be ordered against Plaintiff and her counsel under Mo.R.Civ.P. 55.03, jointly and severally, for at least $100,000, that they also be ordered to pay Martin Leigh's attorneys' fees and costs in the amount of at least $45,000 (see *Exhibit A*), and for such other relief as the Court deems just.

Respectfully submitted by,
MARTIN LEIGH PC

/s/ Thomas J. Fritzlen, Jr.

| | |
|---|---|
| Thomas J. Fritzlen, Jr. | Mo. 34653 |
| William H. Meyer | Mo. 42345 |
| Gregory D. Todd | Mo. 56941 |

2405 Grand Blvd., Suite 410
Kansas City, MO 64108
(816) 221-1430    Phone
(816) 221-1044    Fax
tjf@martinleigh.com
whm@martinleigh.com
gdt@martinleigh.com
COUNSEL FOR DEFENDANT
MARTIN LEIGH PC

## CERTIFICATE OF SERVICE

I certify by my signature below that a true and correct copy of this document was served on those identified below on November 16, 2018 (a prior version of the document was served on October 5, 2018 and November 8, 2018):

Gregory Leyh
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, MO 64118
gleyh@lehhlaw.com
COUNSEL FOR PLAINTIFF
CARANCHINI

Harry N. Arger
Molly Thompson
Thomas Alleman
Caleb Halberg
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
harger@dykema.com
mthompson@dykema.com
COUNSEL FOR DEFENDANT
NATIONSTAR

/s/ Thomas J. Fritzlen, Jr.
Thomas J. Fritzlen, Jr.

21