IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GWENDOLYN G. CARANCHINI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-00775-DGK |
| ) | |
| NATIONSTAR MORTGAGE, LLC, ) | |
| ) | |
| and ) | |
| ) | |
| MARTIN LEIGH PC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MARTIN LEIGH PC'S RESPONSE TO LEYH'S MOTION TO DISMISS
THE MOTION FOR SANCTIONS**

COMES NOW Defendant Martin Leigh PC ("Martin Leigh") and, for its Response to Gregory Leyh's ("Leyh") Motion to Dismiss the Motion for Sanctions (Doc. 48), states:

**INTRODUCTION**

Martin Leigh seeks sanctions against Leyh and Plaintiff Caranchini because of objectively false statements made in their First Amended Petition and because they fraudulently joined Martin Leigh. Doc. 41. Leyh's response does not deny that Leyh had knowledge before filing this lawsuit that Caranchini had lost three prior challenges to the same Note and Deed of Trust that had resulted in significant adverse rulings against Caranchini. Leyh also does not challenge that he has been repeatedly caught using the fraudulent joinder tactic in this district.

Instead, Leyh declares his pre-removal misconduct to be unsanctionable. He claims that the Court cannot apply Missouri Rule 55.03; that the Court lacks diversity jurisdiction to sanction him because he and Martin Leigh are Missouri residents; that Martin Leigh is precluded from seeking sanctions because it did not seek sanctions during the 30 days that this case was

1

pending in state court prior to removal; and because the claims Leyh made against Martin Leigh were not "utterly baseless." Leyh also seeks to take discovery even though he is a non-party.

As briefed below, Leyh's arguments are not well placed. It is settled law that federal courts have the inherent authority to sanction lawyers who appear before them. It is also settled law that federal courts can enforce state law Rule 11 equivalents to sanction pre-removal misconduct.

## I. COURTS HAVE THE INHERENT AUTHORITY TO SANCTION.

Martin Leigh moved for sanctions against Leyh pursuant to Missouri Rule of Civil Procedure 55.03 and Griffen v. City of Oklahoma City, 3 F.3d 336 (10th Cir. 1993) because the sanctionable conduct occurred prior to removal. In response, Leyh's Motion argues that Leyh is unsanctionable and that the Court lacks subject matter jurisdiction to discipline him because (1) Leyh has withdrawn as Caranchini's counsel; (2) there is no diversity between Leyh and Martin Leigh; and (3) there is no federal question because Martin Leigh's Motion for Sanctions is brought under a state rule. Doc. 48 p. 1-2. Supporting that argument, Leyh cites Aly v. Hanzada for Imp. & Exp. Co., 2015 U.S. LEXIS 393, which does not advance his arguments.

Leyh's subject matter jurisdiction argument fails because the Court has the inherent power to discipline attorneys who appear before it. Specifically, the U.S. Supreme Court has ruled that "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123 (1991) (internal citations omitted). "These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. "Prior cases have outlined the scope of the inherent power

of the federal courts. For example, the Court has held that a federal court has the power to control admission to its bar and to discipline attorneys **who appear before it**." Id. (emphasis added). Leyh does not dispute (because he cannot) that he has appeared before the Court.

Second, the Court has already ruled that it has jurisdiction by virtue of diversity. Doc. 24. There is no issue regarding subject matter jurisdiction. Further, no authority supports Leyh's argument that the Motion for Sanctions has made him a party and the absence of diversity between him and Martin Leigh deprives the Court of jurisdiction to sanction him. (Doc. 48 p. 2). The District Court of Nebraska considered and rejected a similar argument in Trackwell v. B & J P'ship, No. 4:05CV3171, 2011 U.S. Dist. LEXIS 998, at *7 (D. Neb. Jan. 5, 2011) ("First, an attorney representing others is not a party to the lawsuit, and sanctioning an attorney personally for misconduct does not transform the attorney into a "party." An attorney retains a paramount responsibility to the client, not to his or her personal interests, even if the attorney has withdrawn from the case and was personally sanctioned by the court.").

Third, even in cases where a court has determined that there is no diversity jurisdiction, courts still retain the inherent authority to sanction. In Wojan v. General Motors Corp., 851 F.2d 969, 971-73 (7th Cir. 1988) the 7th Circuit ruled that "although the district court had previously ruled that it was without subject matter (diversity) jurisdiction over the merits of [plaintiff's] products liability action, we hold that the district court was not precluded from later exercising its inherent jurisdiction over the plaintiff's motions for the imposition of Rule 11 sanctions against GM, filed after GM's discovery of the jurisdictional defect." Id.

## II.     FEDERAL COURTS MAY IMPOSE STATE COURT RULE 11 EQUIVALENTS.

Leyh next suggests that his conduct is unsanctionable because his "search of Missouri cases authorizing a federal district court to invoke Rule 55.03 to sanction a lawyer under such

circumstances [pre-removal misconduct] *yields zero results*." Doc. 48 at 3. Leyh's search results are objectively incorrect.

Leyh's search did not uncover Davis v. MCI Communs. *Servs.*, 421 F. Supp. 2d 1178, 1183 n.2 (E.D. Mo. 2006). Leyh's failure to address Davis is difficult to comprehend given that Davis references Griffen and Missouri Rule 55.03 by name. Furthermore, Martin Leigh specifically cited Davis in its Memorandum. See Doc 41 p. 3 and 6. On this point, the Davis court noted that:

> [A] federal court may apply a state-law counterpart to Rule 11 to a pleading filed in state court prior to removal." Griffen v. City of Oklahoma City, 3 F.3d 336, 341 (10th Cir. 1993). Missouri's counterpart to Rule 11 is Supreme Court Rule 55.03. It substantially tracks the language of Rule 11, and a Missouri court has discussed the Missouri rule with reference to the committee notes of Fed. R. Civ. P. 11. Noland v. State Farm Mut. Auto. Ins. Co., 853 S.W.2d 327, 331 (Mo. App. 1993).

Id. n. 2. Additionally, numerous courts have cited Griffen for this point of settled law.

Leyh also suggests that Martin Leigh should have sought sanctions in state court before removal. Doc. 48 p. 3. That argument fails for several reasons. First, Leyh filed Caranchini's lawsuit on August 15, 2017 at 3:59 p.m. Doc. 9-3 p. 1. On August 16, 2017, and less than 24 hours after the lawsuit was filed, a preliminary injunction hearing was held and an order was entered preventing the foreclosure. Doc. 9-6 p. 506. Martin Leigh did not have a sufficient opportunity to prepare a response brief to the preliminary injunction motion and it certainly did not have time to prepare and file a sanctions motion. Furthermore, even if Martin Leigh would have instantaneously crafted a sanctions motion on the day the lawsuit was filed, Martin Leigh could not have filed a motion for sanctions until September 14, 2017 (the same day the case was removed) because of Missouri Rule 55.03's 30-day notice requirement. Fuller v. Moore, 356

4

S.W.3d 287, 292 (Mo. Ct. App. 2011) ("Filing a motion for sanctions with the court prior to the expiration of the 30-day period leaves the court without authority to rule on the motion.")

## III.    ARGUMENTS IN LEYH'S MOTION SUBJECT HIM TO RULE 11 SANCTIONS.

Martin Leigh's Motion for Sanctions under Missouri Rule 55.03 is based upon the demonstrably false representations that Leyh and Caranchini made in Caranchini's Verified First Amended Petition. Leyh argues that "Martin Leigh tacitly admits that nothing Leyh has done since removal provides any basis whatsoever for an award of sanctions." Doc. 48 p. 4. However, and through his post-removal "Motion to Dismiss," Leyh has now affirmatively advanced arguments from Caranchini's Verified First Amended Petition in federal court and he is now subject to Rule 11 sanctions for having advanced these arguments. See Doc. 48 p. 12-14.

## IV.    LEIGH FAILS TO MEANINGFULLY DISTINGUISH <u>GRIFFEN</u>.

Leyh next repeats the same mistaken argument that "no Missouri legal authority- either state or federal- is cited on behalf of Martin Leigh's conclusory statement that this court may rely on Missouri Rule 55.03 to sanction Leyh. . ." Doc. 48 p. 4. As noted in § II above, Leyh is incorrect. See <u>Davis v. MCI Communs. Servs.</u>, 421 F. Supp. 2d 1178, 1183 n.2 (E.D. Mo. 2006).

**A**.    **<u>Leyh Cannot Distinguish Griffen</u>**. Leyh argues that the 10th Circuit's ruling in <u>Griffen</u> is distinguishable because there was no pre-removal motion practice in <u>Griffen</u>. That is a distinction without relevance because the <u>Griffen</u> court does not even address motion practice. Further, this case was removed on the same day that Martin Leigh's Motion to Dismiss was filed in state court and the state court had no opportunity to rule on that motion.

**B, C, D.**    **<u>Martin Leigh Had No Opportunity to Seek Sanctions in State Court Prior to Removal</u>**. Leyh next argues that Martin Leigh's Memorandum deliberately omitted that there was a TRO hearing in state court and that "Martin Leigh had every opportunity prior to removal

5

to raise the issue of Rule 55.03 sanctions with the state court judge…" Doc. 48 p. 8. That argument is baseless. First, fraudulent joinder was not an issue before the state court. Second, the Court is fully aware of the TRO because it was the first thing Leyh referenced in his failed Motion to Remand. Doc. 8 p. 1 ¶ 1. Third (as briefed in § II above), Martin Leigh had no opportunity to seek sanctions in state court prior to removal.

Leyh argues that Martin Leigh had notice of all the issues raised in the Motion for Sanctions at the August 16, 2017 state court TRO hearing but made a strategic decision not to seek relief under Rule 55.03 at that time and "forum shopped" by waiting until after removal to bring the Motion for Sanctions. Doc. 48 at 8, 11. Supporting his position, Leyh references the August 16, 2017 TRO Hearing Transcript. Doc. 48-2.

First, one thing that is clear about the TRO hearing was that the state court's preparation for the hearing was limited. Judge Burnett described her preparation as "Well, since I was in trial and it ended unexpectedly when they chose not to call their afternoon of witnesses and rest, which is why I had time to do this today, *I only had a brief two or three second conversation with my staff*." Doc. 48-2 p. 14:14-18 (emphasis added).

Second, Leyh's forum shopping reference is baseless because Leyh chose the forum when filing the lawsuit. Further, Martin Leigh did not remove the case to federal court (Nationstar did). Additionally, Nationstar's action in removing the case was lawful. Doc. 24.

Further, in the 24 hours between when Leyh filed the lawsuit and the TRO hearing, Martin Leigh was aware that Caranchini had been in default since 2009, and prior to the TRO Hearing it learned of just some of Caranchini's prior litigation challenging the same Note and Deed of Trust at issue here, and that that litigation had been before Judge Mesle. Doc. 48-2 at 17:13-18:16 (Jackson County Case No. 1016-CV-28122 and 1016-CV13502). However, the full

6

extent of Caranchini's prior state court actions, and the removal of those cases to this Court and the appeal to the 8th Circuit, were not more fully known to Martin Leigh until it prepared the Motion to Dismiss that it filed in state court on September 14, 2018 (which is also the date that Nationstar removed the case).  Id. and Doc 1-3 p. 2-41.  Furthermore, there is no reference in the Hearing Transcript to the number of times that Leyh had engaged in fraudulent joinder prior to this lawsuit, nor is there any reference to evidence demonstrating that at the time of the TRO hearing that Martin Leigh had knowledge that Leyh knew of the prior decisions rendered by the Court against Caranchini before Leyh filed this lawsuit.

       **E.**  **The Discovery Abuse Cases Cited by Leyh Do Not Apply.**  Leyh next argues that Martin Leigh's Motion for Sanctions must be denied because "if a party to a lawsuit discovers that a fraud was perpetrated against him during discovery and that action is still pending, he should request relief at that time rather than bring a second action."  Doc. 48 p. 10-11. Supporting that, Leyh cites Roth v. La Societe Anonyme Turbomeca Fr., 120 S.W.3d 764  (Mo. Ct. App. 2003) (emphasis added) and other similar cases.  Leyh's reliance on Roth type cases is misplaced because the Motion for Sanctions is not based on Leyh's discovery misconduct – it is based upon objectively false statements made in the First Amended Petition.  Further, although the case has been removed from state court, it is still the same case and Martin Leigh is seeking relief in the same case.  Also, as briefed in § II, this case was in state court for only 30 days and there was no opportunity to file a sanctions motion in the state court under Rule 55.03.

**V.**     **THE COURT HAS RULED THAT LEYH'S CLAIMS ARE UNSUPPORTED.**

       Martin Leigh's Motion for Sanctions is based upon **(1)** Leyh's fraudulent joinder tactic (Doc. 41 p. 8-9); **(2)** objectively false representations made in the Verified First Amended Petition (Doc.41 p. 9-10); **(3)** the prior adverse rulings against Caranchini (Doc. 41 p. 9-10; **(4)**

7

Leyh's and Caranchini's knowledge of the prior adverse rulings; (Doc. 41 p. 10-11); **(5)** Leyh's failure to investigate the allegations (Doc. 41 p. 11-12); **(6)** the lack of a good faith basis to support the claims (Doc. 41 p. 12-15); **(7)** collateral estoppel and Leyh's failure to disclose the prior adverse rulings. Doc. 41 p. 16-17.

In response, Leyh first suggests that the Court must determine that Leyh's positions are "utterly baseless" before imposing sanctions. Doc. 48 p. 12. "Utterly baseless" is not the standard applicable to Missouri Rule 55.03 or Rule 11. "Federal decisions construing Rule 11 are persuasive in applying Rule 55.03." Id. citing In re Estate of Caldwell, 766 S.W.2d 464, 466 (Mo.App.E.D.1989). "Under Rule 55.03, there are basically three types of submitted papers which warrant sanctions: factually frivolous (not "well grounded in fact"); legally frivolous (not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law"); and papers "interposed for any improper purpose." Id. "Rule 55.03 also requires that a "reasonable" prefiling inquiry be conducted into the law and facts. The rule imposes an *objective* standard of conduct." Id. The Court concluded that Leyh's theories against Martin Leigh had no reasonable basis in fact and law when it ruled that Martin Leigh had been fraudulently joined. Doc. 24 p. 3-5. Furthermore, fraudulent joinder is itself sanctionable. See Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1258-59 (8th Cir.2013) and Welk v. GMAC Mortg., LLC, 720 F.3d 736, 738 (8th Cir. 2013).

Leyh argues next that his theory that Martin Leigh had a duty to investigate was based on Spires v. Edgar, 513 S.W.2d 372, 379 (Mo. 1974) and Sparks v. PNC Bank, 400 S.W.3d 454, 459 (Mo. Ct. App. 2013). Leyh's argument fails because there were no facts (and Leyh does not identify any) that would have given Martin Leigh actual knowledge of something that would legally prevent foreclosing on Caranchini. Accordingly, Martin Leigh's duty to

8

investigate was never triggered. In this case there could be no such facts given the Court's prior Caranchini rulings and that Caranchini has since conceded liability. See Doc. 44 ¶ 6.

Leyh next argues that "courts across the State of Missouri have denied Successor Trustee motions to dismiss based on the identical allegations pleaded here regarding the duty to investigate" and presumably he should not be sanctioned for what he does routinely. Doc. 48 p. 13-14. Leyh's argument ignores that this case is Caranchini's *fourth* unsuccessful challenge and that there have already been significant adverse rulings entered against Caranchini. Tellingly, Leyh does not deny that he had knowledge about the prior adverse rulings against Caranchini before he filed this lawsuit.

Leyh next references Holm v. Wells Fargo Home Mortg., Inc., 514 S.W.3d 590, 593 (Mo. 2017) and boasts about the $3.25 million judgment he obtained there and suggests that Martin Leigh is out to get him for that accomplishment. Doc. 48 p. 14. Leyh's self-serving commentary is incorrect. First, in Holm Leyh did not sue the foreclosing law firm and there was no fraudulent joinder issue in that case. Second, Martin Leigh only observed the Holm trial, it was not a party, it was not the foreclosing law firm in Holm, and no claims were leveled against Martin Leigh in Holm. Third, Martin Leigh did not sue Leyh in this case but rather Leyh sued Martin Leigh and Leyh did so by making objectively false statements that had no reasonable basis in fact or law—that is why Martin Leigh seeks sanctions. Fourth, Leyh's grandstanding about his $3.25 million judgment in Holm (and that he settled case for substantially more than that) is curious in that he concedes that he has the capacity to pay a significant sanction.

## VI. LEIGH HAS NO RIGHT TO MULTIPLE RESPONSES OR TO DISCOVERY.

Leyh labeled his response to the Motion for Sanctions as a "*Motion to Dismiss* Martin Leigh's Motion for Sanctions." Doc. 48. Leigh suggests that this sleight of hand permits him

9

additional time to file a *second* response, and to conduct discovery, if his Motion to Dismiss is unsuccessful. Doc. 48 p. 14-15. Leyh offers no authority to support his requests and they should be denied because: **(A)** Martin Leigh's Motion for Sanctions was "served" (but not filed) on October 5, 2018 and Leyh has had nearly two months to prepare a response (Doc. 40, p. 5); **(B)** Leyh has known of the issues underlying the Motion for Sanctions since September 14, 2017 when Martin Leigh filed its Motion to Dismiss in state court (Doc. 1-3 p. 2- 35) and when Nationstar removed the case; **(C)** Leyh is no longer counsel for any party in this case, Leyh is not a party, Martin Leigh has been dismissed as a party and Leyh cites no authority that permits him (as a non-party) to take discovery against a former party. See Rule 26(b) ("___Parties___ may obtain discovery. . .") (emphasis added).

## VII.  CARANCHINI HAS CONCEDED LIABILITY.

Although Leyh's response asserts a need to conduct discovery regarding the Note that Leyh personally inspected at Martin Leigh's office (Doc. 48 p. 1 n. 1), Caranchini has admitted liability to both Martin Leigh and to Nationstar in her Motion for Extension of Time. Doc. 44 ¶ 6. Accordingly, the issue regarding discovery about the Note is irrelevant. Further, Rule 26(b) does not permit a non-party such as Leyh to conduct discovery.

WHEREFORE Martin Leigh respectfully requests that its Motion for Sanctions be granted; that Leyh's Motion to Dismiss be denied; that Caranchini and Leyh be ordered, jointly and severally, to pay sanctions of at least $100,000; that they be ordered, jointly and severally, to pay Martin Leigh's attorneys' fees and costs incurred in defending this action and in seeking relief in the amount of $45,000 (as of the October 3, 2018 date of Martin Leigh's attorneys' fee affidavit), plus all attorneys' fees and costs incurred by Martin Leigh after October 3, 2018; and for such other relief as the Court deems just.

Respectfully submitted by,
MARTIN LEIGH PC

/s/ Thomas J. Fritzlen, Jr.
Thomas J. Fritzlen, Jr.   Mo. 34653
William H. Meyer   Mo. 42345
Gregory D. Todd   Mo. 56941
2405 Grand Blvd., Suite 410
Kansas City, MO 64108
(816) 221-1430   Phone
(816) 221-1044   Fax
tjf@martinleigh.com
whm@martinleigh.com
gdt@martinleigh.com
COUNSEL FOR DEFENDANT
MARTIN LEIGH PC

## CERTIFICATE OF SERVICE

I certify by my signature below that a true and correct copy of this document was served on those identified below on December 14, 2018:

Gregory Leyh
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, MO 64118
gleyh@lehhlaw.com
COUNSEL FOR PLAINTIFF
CARANCHINI

Harry N. Arger
Molly Thompson
Thomas Allemanw
Caleb Halberg
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
harger@dykema.com
mthompson@dykema.com
COUNSEL FOR DEFENDANT
NATIONSTAR

/s/ Thomas J. Fritzlen, Jr.
Thomas J. Fritzlen, Jr.