IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN GILL CARANCHINI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-00775-DGK |
| | ) | |
| NATIONSTAR MORTGAGE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO STAY

This lawsuit stems from Plaintiff Gwendolyn G. Caranchini's latest attempt to avoid foreclosure on her home. Plaintiff has sued Nationstar Mortgage LLC ("Nationstar") and Martin Leigh PC ("Martin Leigh"), contesting enforcement of a promissory note and deed of trust. Now before the Court is Plaintiff's Motion to Stay the Case (Doc. 50). The Court DENIES the motion because Plaintiff has failed to carry her burden of establishing the need for it.

Plaintiff has filed three previous lawsuits contesting enforcement of the same promissory note and the same deed of trust at issue in this case. *See Caranchini v. Bank of America, N.A.*, 4:10-CV-00672-DGK (removed to this Court on July 6, 2010; granting summary judgment to defendants on September 26, 2013; affirmed by the Eighth Circuit on September 12, 2014); *Caranchini v. Kozeny & McCubbin, LLC*, 4:11-CV-0464-DGK (removed to this Court on May 4, 2011; granting defendants summary judgment on September 26, 2013); *Caranchini v. Nationstar Mortgage, LLC and Kozeny & McCubbin*, 4:14-CV-00480 (removed on May 30, 2014; dismissed on September 23, 2014). In short, Defendants prevailed in these cases because Plaintiff's claims were without merit.

In August 2017, Plaintiff filed her fourth lawsuit on this subject in the Circuit Court of

1

Jackson County, Missouri, against Nationstar and Martin Leigh. She asserted claims for negligent misrepresentation and violations of the Missouri Merchandising Practices Act ("MMPA"). Defendant Nationstar timely removed to this Court (Doc. 1), alleging Plaintiff fraudulently joined Martin Leigh—a Missouri resident—to avoid diversity jurisdiction. This Court agreed and dismissed Plaintiff's claims against Martin Leigh on August 16, 2018 (Doc. 24).

On October 22, 2018, Nationstar filed a motion for summary judgment (Doc. 31). Plaintiff's response to the summary judgment motion was initially due by November 13, 2018, but the Court granted Plaintiff's request for an extension until November 30, 2018 (Doc. 37).

On November 16, 2018, Martin Leigh filed a motion for sanctions against Plaintiff and her counsel (Doc. 40). Plaintiff's counsel then moved to withdraw due to a conflict of interest arising out of the motion for sanctions (Doc. 38). On November 20, 2018, the Court granted Plaintiff's counsel's motion and allowed Plaintiff—a former member of the Missouri Bar—to proceed pro se (Doc. 42). The Court also ordered Plaintiff to file her response to the motion for sanctions by November 30, 2018.

On November 29, 2018, Plaintiff filed a motion for a two-week extension to respond to the motion for summary judgment and the motion for sanctions (Doc. 44). The Court granted Plaintiff a two-week extension to respond to the motions because she had recently become a pro se litigant (Doc. 47). The Court cautioned Plaintiff that it would grant no further extensions in this case (Doc. 47). In what appears to be an attempt to circumvent this Court's ruling, Plaintiff now requests this Court stay the case for two to three weeks.

A district court possesses "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). The proponent of a stay bears the burden of establishing the need for it. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In

2

determining whether to grant a stay, a court considers a variety of factors, including the movant's likelihood of success on the merits, whether the applicant will be irreparably injured absent a stay, whether a stay will substantially injure the other parties, and where the public interest lies. *Id.* at 434.

In support of her motion to stay, Plaintiff claims that her current medications have resulted in complications, including confusion. Plaintiff also alleges a stay is appropriate because she has upcoming doctors' appointments and feels "sluggish," and therefore will not have time to respond to the motions pending in this case and in a case in the U.S. District Court for the District of Kansas.

As a threshold matter, Plaintiff's arguments are unsupported by the facts. Although she claims serious medical problems, she has provided no medical records, affidavits, or other corroborating evidence. Additionally, she has had ample time to respond to the pending motions. She is, in fact, no longer litigating a case in the District of Kansas because the U.S. District Court for the District of Kansas entered judgment against Plaintiff on December 10, 2018. *See Caranchini v. Peck*, 18-cv-2249-TJJ (D. Kan. Dec. 10, 2018) (Doc. 130). If anything, Plaintiff's recent filings in the District of Kansas evidence an ability *to* timely respond to the motions pending in this Court. Between that case and this one, Plaintiff has already filed twenty-nine pages of briefing this month (Docs. 49, 50). *See also Peck*, 18-CV-2249-TJJ (Docs. 125, 126, 127). Thus, she appears capable of responding to the pending motions.

More importantly, the four *Nken* factors weigh against granting a stay here. First, given that Plaintiff's three prior lawsuits on this same issue were unsuccessful, Plaintiff is very unlikely to succeed on the merits in this case. Second, Plaintiff will not be irreparably injured absent a stay. Plaintiff is capable of responding to the motions; whether she does so is her choice. Third, issuing

3

a stay will substantially injure Defendants. Plaintiff has arguably harassed them through this litigation to prevent them from exercising any right to foreclose they might have, and Defendants have a right to have their motions ruled on in a timely fashion. Finally, the public interest weighs in favor of allowing Missouri's non-judicial foreclosure process to play itself out, because lenders—who play a crucial, if sometimes unpopular, role in our society—will not issue mortgages if they cannot foreclose on the loan collateral when a borrower fails to repay.

Accordingly, Plaintiff's Motion to Stay the Case (Doc. 50) is DENIED.

**IT IS SO ORDERED.**

Date: December 18, 2018 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT