IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN GILL CARANCHINI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-00775-DGK |
| | ) | |
| NATIONSTAR MORTGAGE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING SUMMARY JUDGMENT

This lawsuit is Plaintiff Gwendolyn G. Caranchini's fourth attempt to delay foreclosure on her home by contesting enforcement of her promissory note and the deed of trust. For the second time,[1] she sues Nationstar Mortgage, LLC ("Nationstar").[2]

Now before the Court is Nationstar's Motion for Summary Judgment (Doc. 31). Because Nationstar had the authority to appoint Martin Leigh PC ("Martin Leigh") as Successor Trustee and because Nationstar is exempt from the Missouri Merchandising Practices Act ("MMPA"), this Court GRANTS Nationstar's motion. The Court also ORDERS Plaintiff to obtain leave of the Court before filing, removing, or transferring any further lawsuits in this judicial district.

**Background**

Plaintiff has filed three prior lawsuits contesting the enforcement of the same promissory note and deed of trust. *See Caranchini v. Bank of America, N.A.*, 4:10-CV-00672-DGK (removed to this Court on July 6, 2010; granting summary judgment to defendants on September 26, 2013; affirmed by the Eighth Circuit on September 12, 2014); *Caranchini v. Kozeny &*

---

[1] Plaintiff first sued Nationstar in *Caranchini v. Nationstar Mortgage, LLC and Kozeny & McCubbin*, 4:14-CV-00480-DGK, but dismissed that lawsuit before the Court ruled on its merits.

[2] Plaintiff originally filed this lawsuit against Nationstar and Martin Leigh PC, but this Court dismissed Martin Leigh PC after finding Plaintiff's claims against it had no merit (Doc. 24).

*McCubbin, LLC*, 4:11-CV-0464-DGK (removed to this Court on May 4, 2011; granting defendants summary judgment on September 26, 2013); *Caranchini v. Nationstar Mortgage, LLC and Kozeny & McCubbin*, 4:14-CV-00480-DGK (removed on May 30, 2014; dismissed on September 23, 2014). Defendants prevailed in these cases because Plaintiff's claims were without merit. Nevertheless, in August 2017, Plaintiff filed this lawsuit against Nationstar, asserting claims for negligent misrepresentation and violations of the MMPA.

The factual background of this case remains the same as those previous:

On June 10, 2006, Plaintiff borrowed $300,000 from Aegis Lending Corporation ("Aegis"). Plaintiff executed an adjustable rate note (the "Note") payable to Aegis in the original principal sum of $300,000 with interest, until the Note matured on July 1, 2036. The Note provides that the Lender—originally Aegis—may transfer the Note.

To secure payment of the Note, Plaintiff executed and delivered the Deed of Trust to Aegis, which granted a security interest in the real property located at 1203 West 62nd Street, Kansas City, MO, 64113 (the "Property"). The Deed of Trust provides that the Note may be sold and the loan servicer changed. It also provides for the removal and appointment of trustees.

After Plaintiff executed the Note, Aegis transferred the Note and Deed of Trust to Aegis Mortgage Corporation, which endorsed the Note in blank without recourse. Plaintiff's loan then became among the hundreds of loans included in the Merrill Lynch Mortgage Investors Trust Series 2006-HE5 ("MLMI Trust Series 200-HE5") pool of assets.

The Note and Deed of Trust were subsequently transferred to various loan servicers, trustees, and successor trustees. In 2013, Nationstar, an entity licensed by the Missouri Division of Finance, became Plaintiff's loan servicer. Nationstar had physical possession of the Note, which was endorsed in blank, when it requested that Martin Leigh act as the Successor Trustee.

On June 28, 2016, Nationstar appointed Martin Leigh as Successor Trustee pursuant to a document entitled Appointment of Successor Trustee. "Wilmington Trust, National Association, as Successor Trustee to CitiBank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE5, by Nationstar Mortgage LLC, as attorney-in-fact" executed the Appointment of Successor Trustee (Doc. 32-3). Martin Leigh recorded the Appointment of Successor Trustee with the Jackson County, Missouri, Recorder of Deeds' Office on July 1, 2016.

On July 26, 2016, Martin Leigh received the Note and Deed of Trust, and it currently stores these documents at its office. Martin Leigh made the documents available to Plaintiff for inspection before she filed this lawsuit.

Plaintiff has defaulted under the Note and Deed of Trust by failing to pay the required amount due monthly under the Note. As of 2013, Plaintiff owed $293,165.15 in unpaid principal, plus interest, escrow, fees, and costs. Because the Deed of Trust authorizes the Trusted to conduct a foreclosure sale if Plaintiff fails to make the required payments, Nationstar requested that Martin Leigh conduct a foreclosure sale on Plaintiff's Property. This lawsuit followed.

Nationstar now moves for summary judgment, arguing that Plaintiff's claims fail as a matter of law. Plaintiff failed to respond to the motion, and her time to do so has passed.

**Summary Judgment Standard**

Although Nationstar's summary judgment motion is unopposed, the standard of review remains the same. Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322–23 (1986). The party seeking summary judgment bears the burden of showing that there is no genuine dispute as to any material fact. *Celotex Corp*, 477 U.S. at 323. The Court must scrutinize the evidence presented in the light most favorable to the nonmoving party and accord to it the benefit of every reasonable factual inference. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588-89 (1986). But the nonmoving party may not rest upon the mere allegations or denials of the . . . pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

**Discussion**

**I.    Nationstar is entitled to summary judgment on Plaintiff's negligent misrepresentation claim.**

Plaintiff's negligent misrepresentation claim alleges that the Appointment of Successor Trustee was false because the Note was never transferred to Merrill Lynch Mortgage Investors Trust, Series 2006-HE5 (Doc. 1-2 at 7). In other words, she claims Nationstar failed to use reasonable care in executing the Appointment of Successor Trustee and lacked authority to appoint Martin Leigh as Successor Trustee.

To maintain a negligent misrepresentation claim, the Plaintiff must prove: "1) the speaker supplied information in the course of his business; (2) because of a failure by the speaker to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) due to the listener's reliance on the information, the listener suffered a pecuniary loss." *Wellcraft Marine v. Lyell*, 960 S.W.2d 542, 546 (Mo. App. 1998). Failure to prove any one of these elements is fatal to Plaintiff's claim. *Id*.

Plaintiff's claim fails because this Court has already determined that "Plaintiff's loan was one of hundreds of loans included in the MLMI 2006 HE-5 pool of assets ("Pooled Trust")." *Caranchini v. Bank of America, N.A.*, 4:10-CV-00672-DGK, 2013 WL 6987190, at *3 (W.D. Mo. Sept. 26, 2013). The acronym "MLMI 2006 HE-5" is a short-hand expression used to describe Merrill Lynch Mortgage Investors Trust, Series 2006-HE5. *Id.* Plaintiff presents no new evidence that would change this Court's previous factual determination. Because Plaintiff's loan was in fact transferred to the Merrill Lynch Mortgage Investors Trust, the Appointment of Successor Trustee did not contain any false information, and Nationstar had the authority to appoint Martin Leigh as Successor Trustee.

Plaintiff's claim also fails because Nationstar's possession of the Note, endorsed in blank, gave it the legal right to enforce the Note and Deed of Trust. Missouri Revised Statute § 400.3-301, provides:

> "**Person entitled to enforce**" an instrument means (i) *the holder of the instrument*, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 400.3-309 or 400.3-418(d). *A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument*.

(Emphasis added). Thus, by having physical possession of the endorsed-in-blank Note, Nationstar had the authority to enforce it and to appoint Martin Leigh as Successor Trustee under the Deed of Trust. *See Deutsche Bank Nat'l Tr. Co. v. Vaughn,* 524 S.W.3d 193, 198 (Mo. App. 2017) ("A party that possesses a negotiable instrument containing a blank endorsement that does not identify the person to whom it is payable has standing to enforce the note and, therefore, to bring an action to reform the deed of trust securing that instrument."); *see also Barnes v. Fed. Home Loan Mortg. Corp.*, No. 5:12-CV-06062-DGK, 2013 WL 1314200, at *5 (W.D. Mo. Mar. 28, 2013), aff'd, 550 F. App'x 340 (8th Cir. 2014) (holding that, under Missouri law, a party

5

entitled to enforce a note is also entitled to enforce the deed of trust securing the note, and therefore the note holder possessed the power to call the foreclosure sale and appoint a trustee). Nationstar is entitled to judgment.

## II. Nationstar is entitled to summary judgment on Plaintiff's MMPA claim.

Plaintiff also alleges Nationstar violated the MMPA by concealing a number of material facts from Plaintiff. The MMPA prohibits the use of "unfair practice or the concealment . . . of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . whether committed before, during or after the sale, advertisement or solicitation." Mo. Rev. Stat. § 407.020.1. But the MMPA clearly provides for the exemption of its application to certain entities. Section 407.020.2(2) states:

> 2. Nothing in this section shall apply to:
>
> (2) Any institution, company, or entity that is subject to chartering, licensing, or regulation by the … *director of the division of finance under chapters 361 to 369, RSMo*, or chapter 371, RSMo, unless such directors specifically authorize the attorney general to implement the powers of this chapter or such powers are provided to either the attorney general or a private citizen by statute.

(Emphasis added).

There is no dispute that Nationstar is an entity subject to the chartering, licensing, or regulation by the Director of the Missouri Division of Finance. Therefore, giving § 407.020.2(2) its plain and ordinary meaning, Plaintiff must identify a statute that grants private citizens the power to enforce § 407.020 specifically against mortgage lending companies in order to overcome Nationstar's exemption under the MMPA. Plaintiff does not identify—and the Court's own research did not reveal—any such statute. Therefore, Plaintiff's MMPA claim fails. *See Reitz v. Nationstar Mortg., LLC*, 954 F. Supp. 2d 870, 893 (E.D. Mo. 2013) (finding Nationstar exempt from MMPA claims).

6

**III.    Plaintiff must obtain leave of Court before filing future lawsuits.**

Finally, this Court is forced to address Plaintiff's history of frivolous filings. A federal district court has a duty to protect its jurisdiction from conduct which impairs its ability to perform its Article III functions. *In re McDonald*, 489 U.S. 180, 184 n.4 (1989). Litigants who have abused the judicial system may be enjoined from filing future litigation. *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988).

Such is the case here. Plaintiff has repeatedly filed frivolous lawsuits against the holders of her Note and Deed of Trust, attempting to use the judicial process to delay foreclosure of her home and to annoy those entitled to enforce the Note and Deed of Trust. Plaintiff has arguably harassed the defendants in these cases by forcing them to the expend time and money defending against unfounded claims. Plaintiff's repeated lawsuits have also diverted the Court's attention and resources away from processing colorable claims.

Moreover, this is not the only instance in which Plaintiff has abused the judicial process. Recently, Plaintiff filed a string of lawsuits against her ex-boyfriend after their romantic relationship dissolved. *See Caranchini v. Pack*, 4:17-CV-00667-GAF (W.D. Mo. Dec. 19, 2017) (Doc. 32) (dismissing claims for lack of jurisdiction); *Caranchini v. Peck*, 18-CV-2249-TJJ (D. Kan. Dec. 10, 2018) (Doc. 130) (dismissing Plaintiff's claims because they failed to state any plausible legal theories, and noting that Plaintiff's filings are unprofessional and unhelpful); *Caranchini v. Peck*, 4:19-CV-00030-DGK (W.D. Mo. Jan. 14, 2019) (removed from Jackson County, Missouri, on Jan. 14, 2019; awaiting disposition). And in a recent filing to the Court, Plaintiff indicated she intends to file another lawsuit soon. *Caranchini v. Peck*, 4:19-CV-00030-DGK (W.D. Mo. Jan. 30, 2019) (Doc. 8 at 3).

Given Plaintiff's litigation history, the Court finds Plaintiff has abused her right to file

7

cases.  The Court finds it necessary to require Plaintiff to obtain leave of Court before filing, removing, or transferring any further lawsuits in this judicial district.  By seeking leave of the Court, the Court means Plaintiff must obtain written permission from the undersigned judge or the Chief Judge of the Western District of Missouri.  The Court finds this to be the least restrictive measure that will prevent Plaintiff from making frivolous filings while at the same time preserve her access to the courts.

**Conclusion**

Because neither of Plaintiff's claims against Nationstar have merit, the Court GRANTS Nationstar's motion.  It is further ORDERED that Plaintiff is enjoined from filing, removing, or transferring any civil lawsuit in this judicial district, regardless of whether she seeking in forma pauperis status or has paid the requisite fee, without first obtaining leave of Court to do so.

**IT IS SO ORDERED.**

Date:  February 1, 2019  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT