IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

GWENDOLYN G. CARANCHINI
    Plaintiff,

vs.

NATIONSTAR MORTGAGE LLC
    Defendant.

Case No. 4:17-cv-00775-DGK

## NATIONSTAR MORTGAGE LLC'S
## RESPONSE TO PLAINTIFF'S MOTION TO ALTER JUDGMENT

Defendant, Nationstar Mortgage LLC ("Nationstar"), for its Response to Plaintiff's Reply to Order Granting Summary Judgment (also labeled as Plaintiff's "Motion to Alter Judgment") states as follows:

1. On February 1, 2019, Summary Judgment was entered in favor of Nationstar pursuant to Fed. R. Civ. P. 56. (Doc. No. 60).

2. On February 7, 2019, Plaintiff filed a "Reply to Order Granting Summary Judgment," which was labeled as a Motion to Alter Judgment in ECF. (Doc. No. 61).

3. On February 11, 2019, Plaintiff filed a "Supplement" to the Motion to Alter Judgment. (Doc. No. 62).

4. As a threshold matter, judgment has not yet been entered pursuant to Fed. R. Civ. P. 58; therefore, to the extent Plaintiff's recent filing is a motion to alter judgment pursuant to Fed. R. Civ. P 59(e), it is premature.

5. Rule 59(e) motions serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). The rule permitting a court to alter or amend a judgment may not be used to relitigate old matters, and the rule may not be used to raise arguments or

present evidence that could have been raised prior to the entry of judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (citing Fed. R. Civ. P. 59(e)).

6. Plaintiff does not cite to any manifest errors of law or fact, or any newly discovered evidence, that would indicate in any way that there is a genuine dispute as to any material fact or that Nationstar was not entitled to judgment as a matter of law.

7. Plaintiff's arguments in her Motion to Alter Judgment merely relate to a separate lawsuit and an alleged dispute over who drafted the briefs in this case, which is unrelated to Nationstar's Motion for Summary Judgment because neither Plaintiff nor her former attorney filed a written response.

WHEREFORE, for the reasons set forth above, Defendant Nationstar respectfully requests that this Court enter an order denying Plaintiff's Motion to Alter Judgment, and for such further relief deemed just.

Respectfully submitted,

NATIONSTAR MORTGAGE LLC

s/ Caleb J. Halberg
One of its Attorneys

Caleb J. Halberg
chalberg@dykema.com
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
312.876.1700 (phone)
312.627.2302 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2019, I electronically filed the foregoing **Response to Plaintiff's Reply to Order Granting Summary Judgment** with the Clerk of the Court using the ECF system, which sent electronic notification to all parties of record.

s/ Caleb J. Halberg