# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

GWENDOLYN GILL CARANCHINI,      )
                                             )
      Plaintiff,                   )
                                             )
      v.                       )        No. 4:17-CV-00775-DGK
                                             )
NATIONSTAR MORTGAGE LLC,       )
                                             )
      Defendant.            )

## ORDER GRANTING MOTION TO LIFT STAY AND RELEASE BOND

This case arises from Plaintiff Gwendolyn Caranchini's allegations that Defendant Nationstar Mortgage, LLC, ("Nationstar") does not have standing to foreclose on her home.  Now before the Court is Nationstar's motion to lift the preliminary injunction and to seek the release of the preliminary injunction bond (Doc. 63).  Because Nationstar prevailed on the merits, the motion is GRANTED.

Plaintiff originally filed suit against Nationstar in Jackson County, Missouri, Circuit Court on August 15, 2017, alleging negligent misrepresentation and violations of the Missouri Merchandising Practices Act.[1]  Plaintiff sought damages, as well as a preliminary injunction prohibiting Nationstar from foreclosing on her home.  On August 16, 2017, the state court entered a preliminary injunction preventing foreclosure and required Plaintiff to pay a $5,000 injunction bond, which she posted on August 17, 2017.  The preliminary injunction remained in effect even after Nationstar timely removed the case to this Court.

On February 1, 2019, this Court granted summary judgment in favor of Nationstar, finding it had standing to foreclose on Plaintiff's home.  The Court subsequently denied Plaintiff's motion

---

[1] Plaintiff also sued law firm Martin Leigh PC, but this Court dismissed it after finding Plaintiff's claims against the firm had no merit (Doc. 24).

to alter its order granting summary judgment. Having prevailed on the merits, Nationstar requests the Court lift the preliminary injunction and release to it the injunction bond.

A preliminary injunction is issued in order to preserve the status quo until a court determines the merits of the litigation. *See Dataphase Sys., Inc. v. C L Sys., Inc*., 640 F.2d 109, 113 (8th Cir. 1981). Because the Court determined Nationstar is entitled to judgment, *i.e.* Nationstar has standing to foreclose on Plaintiff's home, a preliminary injunction is no longer needed.

As to the release of the bond, Federal Rule of Civil Procedure 65(c) provides that the "court may issue a preliminary injunction … only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." This Rule codifies the longstanding principle that upon payment of an injunction bond, a plaintiff consents to liability up to the amount of a bond if it is later determined that the injunction was improperly issued. *See Russell v. Farley*, 105 U.S. 433, 438 (1881). Because Nationstar prevailed on the merits, Nationstar is entitled to the $5,000 bond.

The preliminary injunction is lifted, and the bond shall be released to Nationstar.

**IT IS SO ORDERED.**

Date:  March 25, 2019                                  /s/ Greg Kays                                  
                                                                    GREG KAYS, JUDGE
                                                                    UNITED STATES DISTRICT COURT