IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| GWENDOLYN GILL CARANCHINI, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-00775-DGK |
| | ) | |
| NATIONSTAR MORTGAGE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING GREGORY LEYH'S MOTION TO DISMISS MARTIN LEIGH'S MOTION FOR SANCTIONS

This is Plaintiff Gwendolyn Caranchini's fourth lawsuit challenging the authority of her loan servicer and successor trustee—in this lawsuit, Nationstar Mortgage, LLC, ("Nationstar") and Martin Leigh PC ("Martin Leigh"), respectively—to foreclose on her home. After the Court dismissed Martin Leigh because Plaintiff's claims against it were precluded by the facts and law established in her prior cases, Martin Leigh sought sanctions under Missouri's procedural rules against Plaintiff and her counsel, Gregory Leyh.

Now before the Court is Leyh's Motion to Dismiss Martin Leigh's Motion for Sanctions (Doc. 48). Because the Court has the authority to impose sanctions on lawyers who appear before it, the motion is DENIED.

**Background**

Plaintiff has filed three prior lawsuits contesting the enforcement of the same promissory note and deed of trust. *See Caranchini v. Bank of America, N.A.*, 4:10-CV-00672-DGK (removed to this Court on July 6, 2010; granting summary judgment to defendants on September 26, 2013; affirmed by the Eighth Circuit on September 12, 2014); *Caranchini v. Kozeny & McCubbin, LLC*, 4:11-CV-0464-DGK (removed to this Court on May 4, 2011; granting defendants summary

1

judgment on September 26, 2013; affirmed by Eighth Circuit on September 12, 2014); and *Caranchini v. Nationstar Mortgage, LLC and Kozeny & McCubbin*, 4:14-CV-00480-DGK (removed on May 30, 2014; dismissed on September 23, 2014). Defendants prevailed in these cases because Plaintiff's claims were without merit. Nevertheless, in August 2017, Plaintiff and her counsel filed this lawsuit against Nationstar and Martin Leigh, asserting claims for negligent misrepresentation and violations of the Missouri Merchandising Practices Act ("MMPA").

Plaintiff originally filed the lawsuit in state circuit court. Nationstar timely removed the case to federal court (Doc. 1), alleging Plaintiff fraudulently joined Martin Leigh to avoid diversity jurisdiction. The Court agreed and dismissed Plaintiff's claims against Martin Leigh, finding the claims were foreclosed based on the facts and law established by her prior lawsuits (Doc. 24).

In light of the Court's ruling, Martin Leigh served Leyh with a motion for sanctions on October 5, 2018. A month later, Martin Leigh filed a motion with the Court pursuant to Missouri Rule of Civil Procedure 55.03, seeking sanctions against Plaintiff and Leyh for fraudulently joining Martin Leigh "by asserting baseless claims" in the complaint. (Doc. 40 at 1). Leyh subsequently withdrew as Plaintiff's counsel so he could fully respond to the motion for sanctions without a conflict of interest (Doc. 42). Instead of responding to the motion for sanctions, Leyh filed the instant motion, alleging the Court is without the authority to sanction him.

**Argument**

This Order does not analyze or determine if sanctions against Leyh and his former client are warranted. Rather, it addresses only the narrow issue of whether the Court has the authority to impose sanctions in this case. The Court finds that it does.

**I.    The Court has inherent authority to sanction attorneys who appear before it.**

Leyh does not argue the Court is without subject matter jurisdiction to hear the underlying

2

merits of Plaintiff's case. Rather, he argues this Court is divested of jurisdiction solely over this motion because he and Martin Leigh are not diverse. That argument is unavailing.

First, this Court has already determined that Martin Leigh was fraudulently joined to defeat diversity jurisdiction, and, therefore, its citizenship is irrelevant (Doc. 24). Leyh cites no authority that by filing the motion for sanctions, Martin Leigh's citizenship should now be considered. Likewise, Leyh provides no authority suggesting the motion for sanctions has somehow made him a party to this lawsuit. Nor could he. "[A]n attorney representing others is not a party to the lawsuit, and sanctioning an attorney personally for misconduct does not transform the attorney into a 'party.'" *See Trackwell v. B & J P'ship*, No. 4:05-CV-3171, 2011 WL 41882, at *3 (D. Neb. Jan. 2, 2011).

Second, even if the Court did not have subject matter jurisdiction, district courts retain the inherent authority to impose sanctions on attorneys appearing before them in the case regardless of whether there is jurisdiction over the underlying claim. *Harlan v. Lewis*, 982 F.2d 1255, 1259 (8th Cir. 1993); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). In other words, a federal court must have subject matter jurisdiction to rule on the merits of a case, but the same is not required to impose sanctions on attorneys who have appeared before the court in the case. *See Perkins v. General Motors Corp.*, 965 F.2d 597, 599 (8th Cir. 1992) (holding sanctions are collateral to the merits and may be considered by the district court even when it was divested of jurisdiction over the case itself).[1] Leyh does not dispute that he has appeared before the Court. Thus, the Court has the inherent authority to impose sanctions against him if warranted.

---

[1] The Court also notes that while the motion for sanctions has been pending, Plaintiff filed a notice of appeal to the Eighth Circuit Court of Appeals, challenging this Court's judgment in favor of Nationstar. Because the motion for sanctions is not before the Eighth Circuit, this Court has the authority to decide the motion. *See Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998) (finding that where the issue of sanctions was not before the court of appeals when the notice of appeal was filed, the district court properly decided whether sanctions were appropriate).

**II.     The Court has the authority to impose sanctions pursuant to Missouri Rule 55.03.**

Leyh next contends the Court does not have the authority to impose sanctions pursuant to Missouri Rule 55.03, the state court counterpart to Federal Rule of Civil Procedure 11.[2] This argument is also without merit.

Although the Eighth Circuit has not squarely addressed the issue, the Tenth Circuit has, and the Court finds its reasoning persuasive. In *Griffen v. City of Oklahoma City*, 3 F.3d 336, 341 (10th Cir. 1993), the Court held that district courts have the authority to impose sanctions under a state court counterpart to Rule 11 for frivolous pleadings filed in state court prior to removal. *Id*. at 341. Any other outcome "would mean that a plaintiff could file utterly baseless papers in state court and escape sanctions that otherwise would have been imposed on him by that court because … the defendant removed the case to Federal District Court."[3] *Id*. (quoting *Schmitz v. Campbell-Mithun, Inc.*, 124 F.R.D. 189, 192 (N.D. Ill. 1989)). Other federal circuits agree that sanctions can be imposed under a state court counterpart to Rule 11 for pre-removal conduct, and at least one sister court does as well. *See Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000); *World Outreach Conference Ctr. v. City of Chicago*, 591 F.3d 531, 538 (7th Cir. 2009); *Davis v. MCI Commc'ns Servs., Inc.*, 421 F. Supp. 2d 1178, 1183 n.2 (E.D. Mo. 2006) (noting that a federal district court may impose sanctions under Rule 55.03 for pre-removal conduct).

---

[2] Both parties agree that the Court cannot sanction Leyh under Rule 11 for his pre-removal conduct. *Cooter & Gell v. Hartmarz Corp.*, 486 U.S. 384, 406 (1990) (finding Rule 11 does not apply "for any activities outside the context of district court proceedings"). The Court notes, however, that under Rule 11, an attorney certifies compliance with Rule 11 by presenting "a pleading, written motion, or other paper—whether by signing, filing, submitting, or *later advocating it*." Fed. R. Civ. P. 11(b) (emphasis added). The advisory committee note to the 1993 amendments explains that "if after a notice of removal is filed, a party urges in federal court the allegations of a pleading filed in state court ..., it would be viewed as 'presenting'—and hence certifying to the district court under Rule 11—those allegations." Fed. R. Civ. P. 11(b) & (c), advisory committee note to 1993 amendment. To the extent Leyh advocated in this Court the merits of the subject claims, he has brought himself within the reach of Rule 11.

[3] Leyh argues his filings were not "utterly baseless," so *Griffen* does not apply. Whether Leyh's initial complaint was utterly baseless addresses whether the Court should impose sanctions, not whether it has the authority to do so. The Court does not address this argument here.

4

Leyh claims *Griffen* is inapplicable because Martin Leigh had an opportunity to seek sanctions in state court yet failed to do so. Leyh cites no legal authority supporting his argument. The facts also belie his claim.

Because of Rule 55.03's thirty-day notice requirement, the earliest Martin Leigh could have filed its motion for sanctions was September 14, 2017—the same day Nationstar removed the case to federal court. *Fuller v. Moore*, 356 S.W.3d 287, 292 (Mo. Ct. App. 2011) ("Filing a motion for sanctions with the court prior to the expiration of the 30-day period leaves the court without authority to rule on the motion."). Moreover, Martin Leigh filed its motion to dismiss in state court on September 14, but the state court had no time to rule on the underlying motion before removal. Martin Leigh is not required, and it arguably would not have been prudent, to seek sanctions before the state court determined whether Martin Leigh would be dismissed from the underlying suit. *Griffen*'s policy rationale squarely applies in this case, and the Court has the authority to impose Rule 55.03 sanctions for an attorney's pre-removal conduct.

**III.     Leyh is entitled to respond to the motion for sanctions and have a hearing but not to conduct discovery.**

Finally, Leyh argues that if the Court denies his motion to dismiss, it should allow him to conduct discovery, respond to the motion for sanctions, and have a hearing. The Court finds he is entitled to respond to the motion and have a hearing, but he is not entitled to conduct discovery.

When imposing sanctions for violation of Rule 55.03, notice and a hearing are required. *See Grissom v. Grissom*, 886 S.W.2d 47 (Mo. Ct. App. 1994) (finding that a court may impose sanctions for violation of Rule 55.03, "but notice and a hearing are still required"); *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005) (holding that before imposing sanctions, "the individual must receive notice that sanctions against her are being considered and an opportunity to be heard"). Thus, Leyh is entitled to respond to the motion for

5

sanctions and have a hearing. Leyh may file a response to the motion for sanctions within twenty-eight days of this Order, and the Court will set a hearing by future order.

Plaintiff is not, however, entitled to conduct discovery. Federal Rule of Civil Procedure 26(b) does not allow non-parties to conduct discovery. Rather, it provides, "*Parties* may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b) (emphasis added). Because Leyh is not a party to this lawsuit, his request to conduct discovery is denied.

That said, Leyh's concern about the reasonableness of the Martin Leigh's claimed attorneys' fees and costs is valid. In its motion for sanctions, Martin Leigh seeks fees and costs "in excess of $45,000" (Doc. 41-1), but it does not provide an itemized summary of the time claimed for any specific task or the hourly rate for which it bills. Thus, neither the Court nor Leyh can determine whether the fees and costs are reasonable. Martin Leigh is therefore required to submit a detailed, itemized list of the fees and costs incurred in defending this action within fourteen days of this Order.

**Conclusion**

Because the Court has authority to impose sanctions when a party appearing before it violates state court procedural rules prior to removal to federal court, Leyh's motion is DENIED. Leyh may file a response to the motion for sanctions within twenty-eight days of this Order, and the Court will set a hearing by future order. Martin Leigh is required to submit an itemized list of costs and attorneys' fees with fourteen days of this Order.

**IT IS SO ORDERED.**

Date: April 8, 2019 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT