IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN G. CARANCHINI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00775-DGK |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, | ) | |
| and MARTIN LEIGH, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DETERMINING ATTORNEY'S FEE AWARD**

This lawsuit is Plaintiff Gwendolyn Caranchini's fourth lawsuit brought to improperly frustrate a lawful foreclosure on her home. On September 2, 2021, the Court imposed sanctions—including attorney's fees and costs—on Plaintiff, as well as her attorney and her attorney's law firm, Gregory Leyh ("Leyh") and Gregory Leyh, P.C., respectively. Order Granting Mot. for Sanctions ("Sanctions Order"), ECF No. 128. The Sanctions Order awarded Defendant Martin Leigh, P.C. ("Martin Leigh") attorneys' fees and costs of $65,128, an amount representing attorney's fees and costs accrued prior to April 16, 2019. *Id.* at 50. It also ordered Martin Leigh to submit an accounting of its reasonable expenses incurred between April 16, 2019, and September 30, 2021, so that the Court could determine the complete amount of attorneys' fees and costs to which Martin Leigh is entitled.

On September 29, 2021, Martin Leigh submitted its accounting of attorneys' fees and costs for the relevant period. ECF No. 129. Leyh responds that the amount sought is excessive because the requested attorneys' fees 1) do not serve to deter future Rule 11 violations because Leyh no

1

longer takes cases involving residential foreclosures, and 2) many of the fees sought are not directly and unavoidably related to the sanctioned conduct.[1] Opp'n Br., ECF No. 135.

Leyh's first argument is an impermissible attempt to relitigate the Sanctions Order. *See* Sanctions Order at 50 (stating that Leyh's response to Martin Leigh's final accounting of attorneys' fees "shall not relitigate the Court's ruling, including arguing his culpability, mitigating factors, or ability to pay"). The Court has already held that an attorneys' fee award is required to deter future Rule 11 and Rule 55.03 violations, and it will not relitigate this holding.

Regarding Leyh's second argument, the Court has reviewed the billing entries that Leyh has identified. Opp'n Br. at 2 n. 2. Each entry is a direct result of Leyh's decision to bring frivolous claims against Martin Leigh, and so is compensable. *See* Fed. R. Civ. P. 11(c)(4) ("The sanction may include . . . payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.").

After reviewing Martin Leigh's hourly rates and billing records, the Court concludes the amount sought—$47,582.10—is reasonable.

Leyh is ORDERED to pay Martin Leigh's attorney fees totaling $107,710.10. This is the attorneys' fees and costs accrued by Martin Leigh prior to April 16, 2019 ($65,128), plus the attorneys' fees and costs accrued between April 16, 2019 and the date of the Sanctions Order

---

[1] Leyh also argues that the Court should decline to award any attorneys fees because Martin Leigh failed to serve the Safe-Harbor Letter until after the Court dismissed the claims against Martin Leigh. The Court has previously addressed this argument. *See* Order Den. Mot. to Vacate or Amend the Sanctions Order, ECF No. 141. In addition, Leyh requests an opportunity to brief whether the court properly admitted the *Stagner* transcript and its consideration of the additional cases Martin Leigh's submitted after the sanctions hearing. But Leyh introduced the *Stagner* dismissal decision at the Sanctions Hearing as evidence that his legal theory had merit. Resp't Ex. Index, ECF No. 115. He cannot now complain that the Court was wrong to also consider statements he made to the court during that litigation. Regarding Martin Leigh's submission of the additional cases, Leyh requested that the Court either strike any references to those cases, or grant Leyh the opportunity to file a supplemental brief addressing the cases. Resp't Post-Hr'g Br. at 19, ECF No. 122. The Court allowed Leyh to respond. Order, ECF No. 123. Leyh suggested this course of action. He cannot now complain that the Court was wrong to consider the cases.

2

Case 4:17-cv-00775-DGK   Document 143   Filed 05/06/22   Page 2 of 3

($47,582.10), less the $5,000 in attorneys' fees which the Court previously ordered Plaintiff to pay to Martin Leigh.  *See* Sanctions Order at 45–50.  Leyh and his law firm are jointly and severally liable to pay the entire amount.

**IT IS SO ORDERED.**

Date: <u>May 6, 2022</u>   <u>    /s/ Greg Kays    </u>
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT